## Cotton *vs* Taylor.

### ERROR TO THE WOODFORD COUNTY COURT.

### *Rights to Administrations.*

ADMINISTRA-
TIONS.
*Case* 62.

*November* 1.

CHIEF JUSTICE EWING delivered the opinion of the Court.

Case stated.

NINE years after the death of Joseph N. Cotton, his brother, George T. Cotton, distributee, and Benj. Taylor who had married his mother, another distributee, applied for administration on his estate simultaneously. The County Court granted the same to Taylor, and Cotton has brought the case to this Court for revision. It appears that Taylor had conveyed his interest in the estate, in right of his wife, to the plaintiff in error, in trust

for the use of his wife, and had assigned, for the use of a creditor, certain claims which he had once held against the decedant, and had no interest in the estate. It is not shown or pretended, that George T. Cotton was incompetent to manage the estate; he had, therefore, the unquestionable legal right, as distributee, according to our interpretation of the 29th and 30th sections of the statute, (1 *Statute Law*, 661–2,) to the administration, whether application was made before or after the thirty days mentioned in the first clause of the 30th section. His right is clearly indicated, as well by the 29th section as the latter clause of the 30th section of the act.

Though the Court *may* grant administration to a creditor or stranger if no application shall be made by a distributee, yet, he is legally entitled to it whenever he does apply, if he has not before refused, though the thirty days has expired, and if he is competent and prepared to give the necessary security, the Court has no right, to refuse him and grant it to another who has no interest in the estate.

The judgment of the County Court is, therefore, reversed, and the cause remanded, that the order granting administration to Benj. Taylor may be set aside, and administration granted to George T. Cotton upon the usual terms; and the plaintiff in error is entitled to his costs in this Court.

*Owsley & Goodloe and Crittenden* for plaintiff: *Clay, Morehead & Reed* for defendant.

Though a County Court may grant administration to a creditor or stranger, if no application is made by the distributees in 30 days, yet the distributees is legally entitled to it whenever he does apply, if he is competent and able to give security, and has not before refused, though the 30 days may have elapsed.