## Oscar Davis' Administrator, et al. v. Ruth Davis, By et al.

## I. W. Davis, Administrator v. Chitwood, et al.

## Ruth Davis' Guardian v. Chitwood.

(Decided January 26, 1915.)

### Consolidated Causes from the McCreary Circuit Court.

1. Executors and Administrators—Appointment Qualification and Tenure—Removal.—An administrator properly appointed may not be removed without cause.

2. Guardian and Ward—Appointment Qualification and Tenure—Removal.—A guardian may be removed when evidently unsuited for the duties of the position.

STEPHENS & STEELY and H. M. CLINE for appellant.

J. SAMPSON, ROBERT HARDING, J. W. RAWLINGS and EMMET PURYEAR for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming in part and reversing in part.

About November 15, 1913, Oscar Davis, twenty years of age, was killed by the overturning of a locomotive on the Cincinnati, New Orleans & Texas Pacific Railway, upon which he was working as a fireman.

Davis had been married, but had obtained a decree of divorce from his wife. She was restored to her maiden name, Wheeler Chitwood. They had one child, Ruth Davis, who was born in December, 1910.

A few days after the death of Oscar Davis I. W. Davis, his father, was, by appropriate proceedings had in the McCreary County Court, appointed administrator of his son's estate. He executed bond as such administrator, took the oath required, and entered upon the discharge of his duties.

Soon thereafter he employed attorneys to institute an action against the railway company to recover damages for the death of intestate.

On January 12, 1914, upon application of Wheeler Chitwood, the judge of the McCreary County Court removed I. W. Davis as administrator of the estate of his deceased son, and entered an order appointing Wheeler Chitwood administratrix thereof. From this order he appealed to the Circuit Court.

2. It further appears that I. W. Davis was also appointed by the McCreary County Court to be guardian of Ruth Davis, the infant daughter of his son.

On December 8, 1913, on motion of Mrs. Wheeler Chitwood, the mother of Ruth Davis, Davis was removed as guardian and Mrs. Chitwood was appointed guardian in his stead. From this order he also appealed to the circuit court.

3. On December 23, 1913, Ruth Davis, by her guardian, her mother, Mrs. Wheeler Chitwood, instituted a suit in equity in the McCreary Circuit Court against I. W. Davis, administrator of the estate of Oscar Davis, and the Cincinnati, New Orleans & Texas Pacific Railway Company, in which it was alleged that Davis had caused himself to be appointed administrator of the estate of his son, and had instituted an action as such administrator against the railway company, to recover damages for the death of his intestate; that, unless restrained by the court, he would, as administrator, make a settlement or adjustment of the claim for an inadequate amount, to the prejudice of the rights of Ruth Davis, the infant daughter of Oscar Davis.

It seems that this action was consolidated with the two appeals from the county court: (1) The appeal from the order removing Davis as administrator of his son's estate; and (2) the appeal from the order removing him as guardian of Ruth Davis.

The three cases were then tried together, and the court adjudged that (1) the county court properly removed Davis as administrator and appointed Mrs.

Wheeler Chitwood in his stead; (2) that the county court properly removed Davis as guardian of Ruth Davis, and properly appointed Mrs. Wheeler Chitwood in his stead; and (3) enjoined Davis as administrator from prosecuting the action against the railway company or making any settlement or adjustment thereof.

The concluding clause of the judgment is in the following language: "And on motion of Wheeler Chitwood, as administratrix of the estate of Oscar Davis, deceased, the case of I. W. Davis, administrator of the estate of Oscar Davis, deceased, against the Cincinnati, New Orleans & Texas Pacific Railway Company, same being ordinary action No. 122, is hereby dismissed; to all of which the defendant, I. W. Davis, as administrator of the estate of Oscar Davis, deceased, and as guardian of Ruth Davis, and Stephens & Steely, as his attorneys, object and except."

From this judgment, including the part just quoted, Davis appeals.

4. It is insisted by appellee that the circuit court erred in overruling her motion to dismiss the appeals from the county court, which motion was based upon the ground that Davis did not prepare a bill of exceptions covering the proceedings had in the county court, and that on this account the judgment of the lower court should be affirmed.

Appellee bases her contention in this respect upon the authority of Holmes v. Robertson County Court, 28 R., 283. But the rule applied in that case, and in Hensley v. Metcalf County Court, 25 R., 204, 74 S. W., 1054, does not apply in cases of this character. See Wright v. Boswell's Guardian, 103 S. W., 314, 31 R., 700. Appeals of this kind are tried in the circuit court entirely *de novo,* and no bill of exceptions covering the proceedings in the county court is required.

5. Concerning that branch of the appeal involving the removal of Davis as administrator of the estate of his deceased son, his appointment as administrator was proper under the provisions of Section 3896, Kentucky Statutes; and, having been so made, he could not be removed except for cause. Williams Admr., ex parte, 158 Ky., 61, 164 S. W., 307.

The only evidence offered by appellee in an endeavor to show cause for his removal and the only grounds stated by the county court were that his feelings toward the infant child of his son were hostile.

In the Williams case, *supra*, it was held that the county court had no power to remove an administrator upon the ground of a mere belief that the best interests of the estate of the decedent would be thereby conserved; and the court is of the opinion that in the case at bar appellee failed to show sufficient cause for the removal of Davis as administrator of the estate of his deceased son. The order of the county court to that effect was improper; wherefore the judgment of the circuit court in this respect is reversed.

6.   As to the removal of Davis as guardian of Ruth Davis, the statute (Section 2024, Kentucky Statutes) confers power upon the county court to remove a guardian if such guardian is evidently unsuited for the duties of such position.

Ruth Davis is between three and four years of age. She, together with her mother, who is employed as a telephone operator, resides in the home of her mother's parents.. The appellant is the paternal grandfather of the child, lives just across the street, but has rarely seen the child, has never exhibited any interest in or solicitude about its welfare; and, in fact, it seems, from the evidence, he has always entertained some doubt as to its paternity.   He himself, when testifying, admitted that he had "no interest in the child," and that he "had never paid any attention to it;"   that he never visited it at its mother's, and has never spoken to it when he saw the child on the street.

Under these circumstances, and in view of the fact that, under the statute (Section 2021, Kentucky Statutes), the child's mother was entitled to preference in the appointment of a guardian, we think the court properly removed Davis.

Owing to the confused state of the record, it is not at all clear that the order appointing Mrs. Chitwood to be guardian of her child was appealed from by Davis; but, as the matter seems to be tendered to us for decision by both appellant and appellee, without objection by either, we will treat it as properly before us. .

Appellant, Davis, offered some evidence to show that appellee, Mrs. Chitwood, is not a suitable person to be appointed guardian of her child.   The depositions seriously affecting her character were suppressed and she offered no evidence on the subject.   Appellant contends that, as there were no exceptions filed to these deposi-

tions, the court erred in suppressing them, and that they should be considered here. We deem it unnecessary to pass upon the question further than to say that, even should they be considered by us, while we might hesitate to place this child under the control of appellee, were she a stranger to the child, the evidence is not sufficient to justify a court in taking the control of a child of this age from its mother, or removing her as its guardian.

The judgment of the circuit court in respect to the removal of appellant Davis as guardian of Ruth Davis and the appointment of Mrs. Chitwood in his stead is, therefore, affirmed.

7. Of course, it necessarily follows that the judgment of the circuit court, in so far as it enjoins Davis, as administrator, from prosecuting the action against the Cincinnati, New Orleans & Texas Pacific Railway Company, to recover damages for the death of his son, must be reversed.

8. It was not competent for the court, upon the trial of the three actions above mentioned, to adjudge a dismissal of the action brought by the administrator against the railway company. That was a separate action, and is unaffected by the language of the judgment here under consideration.

The judgment appealed from is affirmed in part and reversed in part, as indicated in the foregoing opinion.