### Rieke's Administrator, et al. v. Rieke, et al.

(Decided January 31, 1919.)

Appeal from McCracken Circuit Court.

1. Executors and Administrators—Removal.—Administrators have such an interest in the execution of their trusts as entitles them to protection from removal without just cause.

2. Executors and Administrators—Removal.—The assertion by an administrator with the will annexed of an interest in the estate as the surviving husband of one of the devisees, not admitted by the other parties interested therein and friction resulting therefrom,

and a controversy as to the value of his services, do not prove him incapable of discharging his trust, or furnish cause for his removal under section 3846 of the statutes.

JOHN K. HENDRICK and JOE McCARROLL for appellants.

MOCQUOT & BERRY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

W. H. Rieke died testate in December, 1910, a resident of McCracken county. By his will he devised all of his property to his five children, providing, however, that his real estate, all of which was located in Paducah, should be held intact for fifteen years, the net income therefrom to be collected and paid by his executors in equal shares to his children every sixty days; "that at the end of the fifteen years, said real estate shall be divided equally between them if they so desire," and "that if either of my children shall die without leaving issue, then the portion of the child so dying shall be divided equally between the remaining children or their bodily heirs."

All five of his children were named as executors, but upon their joint motion, appellant, J. E. Cooper, the husband of one of the daughters and who resided at Hopkinsville, Kentucky, about eighty miles from Paducah, was appointed and qualified as administrator with the will annexed. He admittedly discharged his duties of trust in an apparently satisfactory manner until in 1916. In March of that year, upon a partial settlement of his accounts, he was allowed by the county court $2,513.54 for his services, which upon exceptions and appeal to the circuit court was reduced to $1,500.00. In May, 1916, his wife died, without any children having been born to her, a resident of Christian county, Kentucky, and appellant was appointed and qualified as her administrator. After her death appellant, as he had theretofore done, continued to pay to the four surviving children of W. H. Rieke, one-fifth each of the net income of the real estate, and deposited in bank the remaining one-fifth, the share his wife if alive would have taken, to his credit as her administrator.

On February 3, 1917, the four surviving children of W. H. Rieke gave appellant notice that on February 15th they would appear before the judge of the McCracken

county court, and move to have him removed as administrator with the will annexed of W. H. Rieke, for cause then to be shown.

Upon a trial of this motion, the evidence not being here, the county judge removed appellant as administrator, delivering a written opinion made a part of this record, in which after holding an administrator could not be removed except for cause, he says:

"This case must present itself to the mind of the court in this wise—here is one acting in a fiduciary capacity, who was validly appointed as such, a most capable man from every view point, his bond is sound, and the very best, the estate has prospered under his excellent administration and his personal conduct and good standing as a citizen and clear-headed business man have not been questioned."

But finds cause for removal because (1) of "severest friction" between appellees and appellant, (2) appellant resides eighty miles from the property, and (3) a controversy has arisen between appellant and appellees as to the proper construction of the will with reference to the share which Mrs. Cooper, if alive, would have taken.

This opinion of the county-judge, although a part of the record, probably has no place in this opinion, as the case was tried *de novo*, and possibly upon evidence of different witnesses in the circuit court, but it states so clearly the effect of the evidence in the latter court and the only possible "causes" for removal deducible therefrom, it is used in the absence of an opinion by the circuit court judge for convenience in presenting the question before us for decision.

It is conceded that it is well settled by the numerous decisions of this court, among which are Dunlap v. Kennedy, 10 Bush 539; Williams' Admr. Ex parte 158 Ky. 61, and Davis's Admr. v. Ruth Davis, 162 Ky. 318, that administrators have such an interest in the execution of their trusts as entitles them to protection from removal without just cause, but it is insisted by counsel for appellees that such cause was shown as warranted appellant's removal under that portion of section 3846, Kentucky Statutes, reading: "or become otherwise incapable to discharge his trust," upon the theory that this means "any condition in which the representative may find himself that makes his position as an individual antagonistic to his position as a representative or trus-

tee under the terms of his appointment," it being contended that appellant's claim to a right to participate in the share of his wife, puts him in such antagonistic position.

No authority whatever is cited to support such a contention, and we are sure there is none, because sec. 3896 of our statutes, a part of the same chapter as section 3846, all of which relates to the appointment, removal and duties of personal representatives, requires the appointment of relatives of the deceased, if any apply to administer, giving preference to the surviving husband or wife, and then such others as are next entitled to distribution, although these preferred parties always necessarily have interests antagonistic to others entitled to participate in the distribution of the estate.

Would any one seriously contend that if one of the sons had accepted the appointment and qualified, appellant upon the death of his wife could have had him removed simply because he claimed an unadmitted interest in his deceased sister's share in the estate, or denied appellant's claim thereto? Certainly not, and yet that is all appellant is doing so far as we can discover. The sole causes of dissatisfaction with appellant seem to have been the disagreement about the value of his services and his refusal to accede to appellees' construction of the will, but neither of these disagreements about legal rights furnish cause for his removal, nor does he thereby "become incapable to discharge his trust." Nor does "severest friction" arising from such disagreement or his residence out of the county, but in the state, furnish such cause as seemingly counsel admit by not mentioning either of these circumstances in brief.

Appellant may or may not be wrong in his construction of the will, or rather in his claim thereunder, based upon the construction of his counsel, about which we express no opinion, as that question is not here; and as no cause was shown for the removal of appellant, the judgment of the circuit court removing him is reversed, and the cause remanded with directions to overrule the motion.