## Trevathan v. Grogan, et al.

(Decided October 20, 1925.)

### Appeal from Calloway Circuit Court.

1. Executors and Administrators—Payment of Claim by Executors Held Not to Show such Collusion or Fraud as to Warrant their Removal.—Where executors had full power to settle estate, their compromise and payment of claim by administrators of estate of deceased wife of testator, which record did not disclose was done in bad faith, did not show such collusion and fraud as to warrant their removal, under Ky. Stats., section 3846.

2. Executors and Administrators—Claim by Executors of Part of Estate as Gift Held Not to be such a Conflicting Interest as to Warrant Removal.—Claim of title by executors to part of testator's estate as gift made during lifetime and entirely separate from will, which beneficiaries sought to recover in separate actions on grounds of fraud, is not such a conflicting interest with estate as to warrant their removal, in absence of showing of bad faith.

MOCQUOT & BERRY and J. M. BRUMMAL for appellant.

COLEMAN & LANCASTER, RAINEY T. WELLS and WHEELER & HUGHES for appelles.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Alice Trevathan instituted this action in the Calloway county court for the use and benefit of herself and other heirs and legatees of S. H. Dees, praying judgment removing appellees, Jake Mayer and Ben Grogan, and each of them, as executors of the estate of S. H. Dees, and to have them excluded from the exercise of the duties of the office of executor of that estate, and to require them, and each of them, to settle their accounts with the

estate and turn over the books, vouchers, checks and assets of the estate to the clerk of that court. After hearing the court entered judgment declining to remove Mayer and Grogan, or either of them, from their office as executor of Dees, and dismissed the petition. From that judgment appellant prosecuted an appeal to the Calloway circuit court, where a like judgment was rendered. It is from the latter judgment that this appeal is prosecuted.

Appellant insists that appellees should be removed as executors (1), "because of their collusion in making settlement with the administrator of another estate, and in settling with the administrator of that other estate evidently in order to eliminate the prosecution of suits against them charging them with fraud and covin, in connection with the estate of which they are executors;" and

(2) Because "of their conflicting interest with the estate, when they are claiming forty thousand dollars ($40,000.00), approximately, and outside of which claims the estate is shown by inventory to amount to sixty-three thousand dollars ($63,000.00), making the two executors, as claimants, antagonistic to the interest of the estate, or a large percentage of it, and because there is a controversy now pending in the courts between the benficiaries and the executors, as to their right to hold and claim the amount claimed to have been given to them by the testator before his death."

It is provided by section 3846, Kentucky Statutes, that, "If a personal representative shall reside out of the state, or become insane, or become otherwise incapable to discharge the trust, or bankrupt, or insolvent, or in failing circumstances, the county court shall remove him and the other representative shall discharge the trust."

Construing this section, we have held executors and administrators have such an interest in the execution of the trust as entitles them to protection from removal without just cause. Reike's Admr. v. Reike, 183 Ky. 131; Dunlap v. Kennedy, 10 Bush 539; Williams, Admr. *Ex Parte,* 158 Ky. 61.

Appellant's insistence that the executors should be removed because of collusion in making settlement with the administrator of another estate, is based upon the fact that they compromised and paid off a claim of the administrator of the estate of the deceased wife of S. H. Dees, whose estate is not here involved. Dees died domiciled in Calloway county on the 16th of April, 1923,

about a year after the death of his wife. He owned a larger estate in his own individual right. No administrator was appointed for the wife until after the death of the husband. They had no children. Dees had no brothers and only one sister. He had, however, some collateral relatives, and Mrs. Dees had at least one brother. He qualified as her administrator after the death of Dees. On October 14, 1922, S. H. Dees made his last will in which, after making twenty-six devises, including one for $5,000.00 to his sister, appellant in this case, he provided: "I appoint Jake Mayer, of Hazel, Kentucky, Ben Grogan, of Murray, Kentucky, and A. D. Thompson, of Murray, Kentucky, and give them one thousand dollars apiece, as my executors, without bond, to settle any notes, compromise or sell any lands I may have at my death, or, in other words, have full power to settle up this estate as they think best."

Shortly after the death of Dees the three men named in the will qualified as executors, but Thompson soon took sick and later resigned as executor; the other two continued to act, and are now the appellees in this case.

Appellees, Jake Mayer and Ben Grogan, were both intimate business associates of Dees for many years next before his death, Mayer being in charge of a bank in which Dees was largely interested and Grogan in charge of another bank with which Dees was connected.

On March 30, 1923, Dees deposited in the Bank of Hazel, $19,200.00 in the name of Jake Mayer, and gave Mayer the deposit slip and informed him of the gift, which Mayer accepted. About the same time Dees gave eighty odd shares of capital stock of different banks to his other business associate, Grogan, which the latter accepted and now holds. This stock is appraised by appellant at $19,300.00.

Appellant seeks to recover the money given to Mayer and the stock given to Grogan, into the estate and this forms the basis of her claim that the interests of the executors are antagonistic to that of the estate and the heirs and devisees of Dees. It appears, however, from the record, that appellant has one or more other actions pending against Grogan and Mayer as individuals, to compel them to account to the estate of Dees for the money deposited to the credit of Mayer and the bank stocks delivered to Grogan. It appears to be the contention of appellant that Mayer and Grogan, through some unnamed fraudulent means, obtained the gifts of money

and stocks from Dees at a time when he was mentally unsound, but the manner of this unfaithfulness is not made clear either in the pleadings or proof of appellant. It must be borne in mind, however, that this is not a contest of the will of S. H. Dees, but merely a petition for the removal of the executors named in the will, and who have since the death of testator qualified in the manner provided in the testamentary paper, and are now exercising the duties of the office of executor of the estate of Dees.

Probate courts, such as our county courts, are generally vested with a broad discretion in determining whether an executor or administrator shall be removed from office. Unless some good, sound reason is assigned removal in such cases will be denied. 23 C. J. 1116. It has also been held in a number of cases that the assertion by an executor of title to property which heirs and devisees claim belong to the estate, is not grounds for his removal from office; nor is the fact he is a creditor of the estate. In the absence of bad faith on the part of an administrator or executor, the mere claim by distributees that the decedent owned an interest in the personal property is not ground for removal of an executor or administrator. 23 C. J. 1117; Davis, Admr. v. Davis, 162 Ky. 316; Reike, Admr. v. Reike, 183 Ky. 131.

We have examined the evidence accompanying the record and are unable to find support therein for the contention of appellant that the executors in this case acted in bad faith in compromising the claim of the administrator of the estate of Mrs. Dees against the estate of her deceased husband, of which these executors were the personal representatives. In fact, the record does not support her claim of bad faith on the part of the executors in any particular. The executors seemed to be men of wide business experience and of the highest integrity. They were intimate associates of the deceased Dees. The mere fact that they assert a right in themselves to the property and money given to and delivered to them by the deceased before his death, entirely independent of the testamentary paper, does not establish bad faith on their part. Dees was a good business man, in charge of several big institutions at the time he made the gifts to the men who are now his executors. It was not strange, therefore, that they insist he was in his right mind and that they are the owners of the property which he gave them and placed in their possession. However, that question is not before us at this time and we refrain from

a discussion of this phase of the case. In the absence of evidence establishing bad faith of appellees as executors in the administration of the estate of Dees, no sufficient reason being shown why they cannot properly execute the duties of their office, and nothing appearing in the record to establish the claim of appellant that the personal interests of the executors are adverse to that of the estate, except as pointed out above, we must decline to reverse the judgment and thus refuse the relief sought by appellant. The judgment is, therefore, affirmed.

Judgment affirmed.