## Hunt v. Crocker.

(Decided Dec. 6, 1932.)

L. B. ALEXANDER for appellant.
BEN S. ADAMS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Robert Crocker and Bessie Crocker were husband and wife. There were born to them two children, Jessie and Johnny. In the spring of 1908, Robert and Bessie separated; she going to East St. Louis where she has since continuously resided, he remaining in Paducah, Ky., where he has since resided. For the past twenty years he has worked for the fire department of that city. Their son, Johnny, on September 15, 1930, came in contact with an electric wire and was killed. At that time he was a resident of McCracken county, Ky., 24 years of age, unmarried, and without issue. On September 17th, before his burial, his mother, Bessie Crocker, with May N. Hunt, appeared in the county court of McCracken county, and entered a motion for the appointment of an administrator of the estate of Johnny Crocker. The motion was sustained, and May N. Hunt was appointed and qualified. On the 19th day of September, Robert Crocker filed in the county court, a petition, and also entered a motion, to set aside the order of appointment and qualification of May N. Hunt, and requested that he be permitted to qualify as the administrator of the estate. After

hearing the evidence, the court vacated the order appointing Hunt and entered another appointing and qualifying Robert Crocker. May N. Hunt appealed from these orders to the circuit court. The circuit court sustained the findings of the county court and approved the appointment of Robert Crocker. May N. Hunt appeals to this court.

Sections 3894 and 3896, Ky. Statutes, conferred jurisdiction on the county court of McCracken county to appoint the administrator.

Section 3896 is in this language:

"The court having jurisdiction shall grant administration to the relations of the deceased who apply for the same, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or one or more of them who the court shall judge will best manage the estate."

The requirements of this section are mandatory and confer the right of preference on persons entitled to distribution or the next of kin. Hood v. Higgins' Curator, 225 Ky. 718, 9 S. W. (2d) 1078. The father or mother, if not disqualified, was first entitled to be appointed, or to designate the person for appointment and qualification. Spayd's Adm'r v. Brown (Ky.) 102 S. W. 823, 31 Ky. Law Rep. 438; Buckner's Adm'r v. L. & N. R. R. Co., 120 Ky. 600, 87 S. W. 777, 27 Ky. Law Rep. 1009; Hilton v. Hilton's Adm'r (Ky.) 109 S. W. 905, 33 Ky. Law Rep. 276.

Such right is a valuable one, of which the party legally entitled to it, without legal cause, cannot be deprived. Watkins v. Watkins' Adm'r, 136 Ky. 266, 124 S. W. 301; Moran v. Moran's Adm'r, 172 Ky. 343, 189 S. W. 248. The nonresidency of Bessie Crocker eliminated her right to the appointment. Fishel's Adm'r v. Dixon, 212 Ky. 2, 278 S. W. 545; Moran v. Moran's Adm'r, supra; Spayd's Adm'r v. Brown, supra; Young's Adm'r v. L. & N. R. R. Co., 121 Ky. 483, 89 S. W. 475, 28 Ky. Law Rep. 451; Nunn v. Hamilton, 233 Ky. 663, 26 S. W. (2d) 526. The right of Robert Crocker to the appointment is challenged by the appellant and Bessie Crocker on the ground of severe friction existing between him and Bessie Crocker and on the further ground that he was in possession of a portion of the estate and setting up an adverse and hostile

title to it as against the estate. His right to the appointment was attacked on other grounds, but, according to our view, it is unnecessary for us to consider them. At the time of the death of Johnny Crocker, his life was insured with the Prudential Insurance Company in the sum of $1,322. Robert Crocker collected this insurance and asserted title to the entire amount as against the estate of Johnny Crocker. This fact was interposed in both the county and circuit court as evidence of his disqualification. In response thereto he pleaded that, should the court hold as a matter of law that any portion of the policy belonged to the estate of the deceased, in that event, he was ready and willing to pay over such portion of the collected proceeds of the policy as might be adjudged due, to the person entitled thereto.

When testifying concerning this insurance, he was asked and answered as follows:

"Q. Are you claiming that money was yours or belongs to the estate of Johnny Franklin Crocker? A. Mine, because I carried the policy all the way through.

"Q. Were you named as beneficiary in the policy? A. The Prudential policies do not go to the beneficiary.

Q. There was no one named in the policy? A. Not in the policy."

It cannot be disputed that both the allegations of his pleading and his testimony disclose an adverse, incompatible, and hostile interest in himself to that of the estate, such as to show that he was incapable of discharging disinterestedly, fairly, and impartially the trust. Warden v. Hoover's Adm'r, 214 Ky. 370, 283 S. W. 444; Zinn's Adm'r v. Brown, 225 Ky. 814, 10 S. W. (2d) 300; section 3846, Ky. Statutes. They plainly show such legal cause as would authorize and justify his removal, under section 3846, Ky. Statutes, from the office, had he theretofore been permitted to qualify. If ground for removal existed within the purview of section 3846, at the time of his application for appointment, the same would authorize and require a denial of his right to qualify. Rieke's Adm'r v. Rieke, 183 Ky. 131, 208 S. W. 764. Animosity of the relatives of a deceased of itself, or an open, hostile, adverse claim

against the estate itself may or may not be either a ground justifying a denial of the appointment of a relative, or constitute legal cause for a removal after appointment, each case depending on its own particular facts. Davis' Adm'r v. Davis, 162 Ky. 316, 172 S. W. 665. In Trevathan v. Grogan, 210 Ky. 694, 276 S. W. 556, the executor claimed a part of the estate by gift, and it was held not to be such a conflicting interest as to warrant a removal. Cotton v. Taylor, 4 B. Mon. 357. In the present case it is abundantly shown that the feelings between Robert Crocker and Bessie Crocker are irately hostile, and by his own pleading and testimony it is further shown that he was asserting an absolute title in himself to a large portion of the estate of the deceased, and denying the right of the estate to receive and distribute it until a judgment of court was entered decreeing against him. Such facts clearly establish that he was utterly incapable of discharging the trust with that degree of fairness which the law requires of an unbiased administrator. The court erred in setting aside the appointment of Hunt and in appointing and permitting him to qualify as the administrator of the estate of his son.

No charge of disqualification was preferred against Hunt, other than the fact that she was a stranger to the estate and her appointment was made before the second couny court after the death of the intestate. Her appointment under the circumstances was not void, but voidable. No sufficient facts were shown to justify setting aside her appointment. Section 3897, Ky. Statutes; Bennett v. Bennett's Adm'r, 134 Ky. 444, 120 S. W. 372; Phillips v. Hundley, 135 Ky. 269, 122 S. W. 147; Jackson's Adm'r v. Asher Coal Co., 153 Ky. 547, 156 S. W. 136; Thompson v. Archie's Adm'r, 158 Ky. 590, 165 S. W. 977.

Judgment reversed for proceedings consistent with this opinion.