### Barnett's Adm'r v. Pittman.

March 1, 1940.

K. S. Alcorn, Judge.

B. J. Bethurum, W. V. Cornett and W. H. W. Reynolds for appellant.

John S. Cooper and R. C. Tartar for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Cora Brown Barnett was killed in Lexington by her husband, Dan Barnett, on August 11, 1938. She left no will. Dan Barnett was a resident of Lincoln County and his wife had formerly resided there with him. Immediately after her death the appellee, Fannie Brown Pittman, her mother and sole heir at law, filed an affidavit in the Fayette County Court stating that her daughter was a resident of Fayette County, requesting that R. C. Weatherley be appointed administrator, which was done.

On August 19, 1938, the appellant, R. B. Baker, who was not a distributee of the estate, was appointed administrator of Cora Brown Barnett by the Lincoln County Court pursuant to a writing filed in that court

by Dan Barnett waiving his right of appointment and requesting the appointment of Baker.

A petition for writ of prohibition was filed by Weatherley against Baker seeking to prevent him from acting as administrator and the appellee actively assisted in that litigation which terminated unsuccessfully to Weatherley. Weatherley also filed a suit in equity to enjoin Baker from acting and appellee assisted in the prosecution of that action, which appears to have been abandoned. After the institution of these two actions, but before the arrival of the second county court after the decedent's death, the appellee moved the Lincoln County Court to set aside its order appointing Baker and requested that she be appointed. Her motion was overruled and she appealed to the circuit court. That court entered a judgment directing that the Lincoln County Court set aside the appointment of Baker and permit the appellee to qualify. This appeal is prosecuted from that judgment.

On the trial in the circuit court the appellant introduced a number of witnesses who testified that appellee's reputation for general moral character was bad. In rebuttal of this evidence several witnesses testified that it was good. It is apparent that the witnesses testifying as to the appellee's bad reputation based their answers almost solely on the fact that thirty years ago, or more, she gave birth to a bastard child. All witnesses testified that she has for many years been a housekeeper residing with her husband on a farm and has reared a family. Evidence was also introduced in the endeavor to establish that appellee was not qualified to act as administrator on account of conflict of interest between her and Dan Barnett, the surviving husband. This evidence was to the effect that there was a question whether or not Cora Barnett, the deceased, owned a one-half interest in a tire store which Barnett claimed belonged to him alone; that there was a controversy about a tract of land in Boyle County; that there was an insurance policy on the life of Cora Barnett in which her husband was the beneficiary, which the insurance company would not pay until the court decided to whom payment should be made; and finally that Dan Barnett was claiming an interest in stock owned by the deceased in a liquor store in Lexington.

On this appeal it is urged that the judgment of the trial court was erroneous because 1) the action of appellee in having the administrator appointed in Fayette County and waiving her right of qualification in that court estopped her from claiming the right of qualification in the Lincoln County Court; 2) that the evidence on the trial showed that appellee was not a qualified person to administer the trust by reason of her bad character and by reason of antagonism to Dan Barnett, the deceased's husband, and conflict of her interests with his. We will consider these grounds in order.

The contention of appellant that appellee's conduct in securing the appointment of an administrator of her daughter in the Fayette County Court worked an estoppel against her to claim the right of appointment in the Lincoln County Court begs the question as to which court had jurisdiction to appoint the administrator and does not take into account the necessary elements of estoppel. It is now conceded by both appellant and appellee that the Lincoln County Court had jurisdiction to make the appointment. A waiver of appellee's right to qualify in the Fayette County Court was a mere nullity since that court had no jurisdiction. It was equivalent to a mere statement of appellee out of court that she did not desire to qualify. A waiver of the right to qualify may, of course, be made only in the court having the right to appoint and in this case that was the Lincoln County Court. No waiver was made by appellee in that court.

Cases and authorities cited by appellant on estoppel are to the effect that where a person has conducted himself in a particular manner he cannot afterward assume a position inconsistent with such conduct to the prejudice of another who has acted in reliance on such conduct. It is apparent that the conduct of appellee in the Fayette County Court did not cause the appellant to take any action in reliance thereon. As a matter of fact he acted squarely in opposition to what she did in the Fayette County Court. She asserted jurisdiction in that court, he denied the jurisdiction of that court and asserted jurisdiction of the Lincoln County Court. Nothing that appellee did misled appellant in any way or caused him to act in any particular manner. This being true, her action in having the administrator appointed in

Fayette County Court did not estop her from thereafter asserting the right given to her by statute to qualify as her daughter's administrator in the court having jurisdiction to make the appointment. The trial court was correct in so holding.

Section 3846, Kentucky Statutes, prescribes the grounds on which a personal representative may be removed, one of these grounds being that such representative is "incapable to discharge the trust." It is held that the grounds for removal prescribed in that section authorize and require denial of the right to qualify if such ground exists at the time the appointment is sought. Hunt v. Crocker, 246 Ky. 338, 55 S. W. (2d) 20. Whether the fact that one was of bad moral character would justify his removal as personal representative or justify the denial of his appointment as such, we find it unnecessary to decide since it appears to us that the evidence as to the appellee's bad moral character is not of sufficient potency to require denial of her right to serve as administrator even though a sufficiently bad moral character might justify such denial. It is shown that she is now a married woman living on a farm with her husband and has been doing so for many years and we think the trial court properly held this evidence insufficient to justify the denial of her appointment.

Nor do we think the evidence introduced as to conflict of interest between appellee and the husband of the deceased was sufficient to justify the denial of her appointment. As to the land in Boyle County, the personal representative has no interest or concern with it whatever. The contest over the proceeds of the insurance policy have no bearing whatever on the proper administration of the deceased's estate. There will, no doubt, be such a contest whether appellant or appellee acts as administrator. Nor does the fact that the deceased claimed to own an interest in the surviving husband's tire store or that he claimed an interest in her stock in the liquor store tend in any manner to prevent the appellee from properly administering the trust. The case of Hunt v. Crocker, supra, cited by appellant to sustain him on this ground, and the cases referred to therein deal largely with situations where the personal representative had an adverse, incompatible and hostile interest in himself to that of the estate such as to show

he was incapable of discharging the trust. Nothing shown in the evidence in this case indicates any interest being asserted by the appellee incompatible with the interest of the estate. Mere personal hostility toward a distributee does not necessarily disqualify one to act as personal representative of an estate. Davis' Adm'r et al. v. Davis, 162 Ky. 316, 172 S. W. 665.

Since appellee was not estopped to seek appointment in the Lincoln County Court and since the evidence failed to show that she was disqualified to act as administrator of her daughter, she was by virtue of Section 3896, Kentucky Statutes, entitled to be appointed when the surviving husband waived his right to qualify. The circuit court correctly ordered the county court to appoint her.

Judgment affirmed.