## Mullins v. Mullins.

June 11, 1948.

W. A. Daugherty and G. R. Blackburn for appellant.

J. E. Childers for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

This controversy principally involves the right of appellant, the widow of a person dying intestate, to be appointed administrator. The County Court, and on appeal the Circuit Court, determined that appellee, the deceased's son, was the proper person to act in this capacity. The Circuit Court also directed the County Court to enter an order allowing the widow $500 on an application made by her, and from this judgment the son cross-appeals.

Appellant went through a ceremony of marriage with the deceased in 1935. At that time he was 73 years of age, and she was in her thirties. He then had several children by a former marriage, one of whom is the appellee. Appellant separated from her supposed husband sometime after the ceremony in 1935, but in 1938 they were remarried. In 1944 the parties again separated, and appellant sued for and obtained a divorce. In 1945 appellant and the decedent were again married. In November 1946 the parties again separated and ap-

pellant filed another suit for divorce. Her petition was dismissed in March 1947.

In August 1947 the deceased, then being approximately 85 years of age, was accidentally or otherwise killed at appellant's home.

Five days after his death appellant and appellee each filed their separate petitions or applications in the County Court requesting appointment as administrator. Appellant's application did not state the exact date of decedent's death, it listed no property, gave no estimated value of the estate, nor did it give the name, age or relationship of any heirs. This application stated that appellant was not personally indebted to the decedent's estate, but an amended petition filed sometime later admitted an indebtedness of $250.

Appellee's petition estimated the value of the estate at $40,000, and listed the names, relationships, and ages of the heirs at law.

It is the contention of appellant that section 395.-040, KRS, mandatorily requires the County Court to appoint her as administratrix since she possessed the qualifications of being a resident of the state over 21 years of age. Subsection (1) of this section provides:

"The court shall grant administration to the relations of the deceased who apply for administration, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or one or more of them whom the court judges will best manage the estate."

Ordinarily the surviving spouse should be given preference in appointment. Appellant cites a number of cases wherein we have stated that the requirements of the above section are mandatory, and the right of appointment is a valuable one of which a person entitled thereto may not be deprived without cause. See Hunt v. Crocker, 246 Ky. 338, 55 S. W. 2d 20. The cases in which we have stated the above rule, however, generally involved the rights of deceased's relations as opposed to the claims of strangers. As between a surviving spouse or a next of kin and a non-related third party, the Court must, where proper qualifications exist, give preference to the former *class*. So far as we have been

able to discover, however, it has not been held that the surviving spouse has an absolute right to the appointment as against the immediate descendants or close relatives of the deceased.

The statute itself requires the Court to prefer the surviving husband or wife, but the use of the word "preferring" indicates the legislature did not intend to deprive the Court of all discretion in the selection. A preference naturally involves the element of choice.

In addition, we have consistently recognized that where grounds exist under section 395.160, KRS, which would justify the removal of an administrator, the Court may properly deny appointment in the first instance. Hunt v. Crocker, 246 Ky. 338, 55 S. W. 2d 20, above cited, and Barnett's Adm'r v. Pittman, 282 Ky. 162, 137 S. W. 2d 1098. One of these grounds is "otherwise incapable to discharge the trust." In Price's Adm'r v. Price et al., 291 Ky. 211, 163 S. W. 2d 463, we pointed out that an adverse or antagonistic position such as might create an awkward or unsatisfactory situation would justify the removal of an administrator.

In the present case an actual adversity or antagonism toward the estate or the heirs has not been positively shown, but the circumstances themselves indicate an indifference upon the part of appellant and a hostile attitude toward the deceased and his children.

In the first place, appellant did not initially comply with section 395.015, KRS, which requires that certain facts be stated in the application for appointment. This of it itself would perhaps have justified the Court's refusal to appoint her upon the original application.

In addition, if appellant was so indifferent to this estate that she did not know the names of her husband's children and would not ascertain approximately the estate which he owned, her qualifications to act in a fiduciary capacity are rather doubtful.

Still further, it is to be noted that appellant had been separated from the deceased three times. She had once divorced him, and not long before his death had made an unsuccessful attempt to divorce him again. She was thus the deceased's wife in name only, and did

not occupy that close relationship contemplated by the statute.

One more item should be considered. In her original application appellant stated under oath that she was not personally indebted to the estate of the deceased in any way. Her amended petition admitted she was indebted to the estate in the amount of $250, evidenced by a note. This is indicative of an improper attitude.

It is our conclusion that under all the facts and circumstances of this case, the County Court properly exercised its discretion and denied appellant the appointment.

Little need be said concerning the cross-appeal of appellee. He objected to the allowance of $500 to appellant on the ground that the application for such allowance was not made prior to the appointment of an administrator and appraisers as provided in section 391.030, KRS. While the action of the County Court in this respect may have been improper, it could not be prejudicial because under this same statute the appraisers are required to set aside to the widow the sum of $1,500. She has, therefore, received only one-third of the amount to which she is now entitled.

For the reasons stated, the judgment is affirmed on the original and the cross-appeal.