## Howd v. Clay et al.

March 21, 1950.

J. Ward Lehigh, Judge.

Raymond C. Arny for appellant.

Henry L. Brooks for appellees.

JUDGE HELM—Affirming.

On March 12, 1948, George C. Howd died intestate, a resident of Jefferson County, leaving an estate of $3,012.67. The appellant, Frances Howd, had not lived with the decedent as his wife since 1936. He had made his home with his two sisters, the appellees, Lucille Lunkenbill and Hattie Moquin, since 1932. On March 18, 1948, an application for appointment of an administrator of his estate was filed in the Jefferson County Court. No one offered to qualify. The court referred the administration of the estate of the decedent to the appellee, W. Howard Clay, Public Administrator and Guardian of Jefferson County.

On April 27, 1948, appellant executed a writing releasing and relinquishing all her interest in the estate of decedent, "for and in consideration of past services

performed by the sisters of the decedent * * * to and for the decedent, and for further consideration of $500 paid from the estate of George Howd, deceased." On September 1, 1948, appellant filed action No. 309949 in the Jefferson Circuit Court to set aside this agreement, and to recover her full interest in the estate of the decedent, which she alleged was $1851.54. In that action appellee, W. Howard Clay, administrator, answered setting up the above agreement, and praying that the petition be dismissed.

On January 18, 1949, appellant moved to set aside the order of March 18, 1948, appointing appellee W. Howard Clay as public administrator of the estate of George Howd, basing the motion on KRS 395.040 giving the surviving wife preference in appointment. At the hearing in the County Court it developed that the appointment had been made within 90 days from the death of decedent. The appointment was declared to be void because made prematurely. The court declined to appoint appellant because, as set out in its order, "all of the distributees of the estate of said decedent, including the widow and two sisters, are involved in a suit in the Jefferson Circuit Court over distribution of the assets of the estate of said decedent and are asserting antagonistic claims to said assets." From the order it appears that the sisters waived right to qualify, the court overruled the motion of appellant, and on his own motion "referred and confided to W. Howard Clay, Public Administrator and Guardian of Jefferson County, the Administration of the estate of the decedent." From this order of appointment of January 18, 1949, appellant appealed to the Jefferson Circuit Court.

By agreement of the parties the case was tried by the court "without the intervention of a jury." After hearing evidence, the trial court, on June 24, 1949, dismissed the appeal. Appellant appeals from that judgment.

In her brief appellant first sets out "what was sought in action No. 309949 and why appellant dismissed it without prejudice," and assigns as errors: (1) Both the County Court and Circuit Court erred in refusing to appoint appellant the executrix of her husband's estate, and (2) widow's dower and statutory exemptions are not antagonistic claims against estate.

510

Appellee maintains that at the time appellant applied "for appointment as administrator she was disqualified because of the antagonistic interest she was then asserting against the estate," and because she was otherwise "incapable to discharge the trust." At the trial in the Circuit Court the record in action No. 309949 was offered in evidence. In her reply appellant alleged that the release referred to in appellee's answer was "executed without consideration," and that it was secured from her through false and untrue representations. It was shown that this action was dismissed without prejudice and order entered in the Jefferson Circuit Court, Chancery Branch, First Division, on June 8, 1949. At the hearing appellant was asked and answered as follows:

"Q. Are you now willing to accept five hundred dollars in lieu of your dower interest and in accordance with the terms of the release which you signed and which is filed as a part of the record in action No. 309-949? A. No, sir.

"Q. If you were appointed as Administratrix in this estate, would you pay yourself your full dower interest? A. I sure would.

"Q. In the event that you paid yourself your full dower interest, would that decrease the amount that the other heirs-at-law would receive? A. Why, sure."

KRS 395.040(1) provides: "The court shall grant administration to the relations of the deceased who apply for administration, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or one or more of them whom the court judges will best manage the estate." The right to such appointment is a valuable one, and the party entitled to it should not be deprived of it without legal cause. Section 395.160(1) provides: "If a personal representative resides out of the state, becomes insane or otherwise incapable to discharge the trust, * * * the county court shall remove him, * * *."

In Barnett's Adm'r v. Pittman, 282 Ky. 162, 137 S. W. 2d 1098, 1100, we said: "Section 3846, Kentucky Statutes (KRS 395.160) prescribes the grounds on which a personal representative may be removed, one of these grounds being that such representative is 'incapable to

discharge the trust.' It is held that the grounds for removal prescribed in that section authorize and require denial of the right to qualify if such ground exists at the time the appointment is sought. Hunt v. Crocker, 246 Ky. 338, 55 S. W. 2d 20." In the recent case of Mullins v. Mullins, 307 Ky. 748, 212 S. W. 2d 272, we said: "In addition, we have consistently recognized that where grounds exist under section 395.160, KRS, which would justify the removal of an administrator, the Court may properly deny appointment in the first instance. Hunt v. Crocker, 246 Ky. 338, 55 S. W. 2d 20, * * *. One of these grounds is 'otherwise incapable to discharge the trust.' In Price's Adm'r v. Price et al., 291 Ky. 211, 163 S. W. 2d 463, we pointed out that an adverse or antagonistic position such as might create an awkward or unsatisfactory situation would justify the removal of an administrator."

As we pointed out in the Hunt v. Crocker case, each of these cases depends upon its own particular facts. Here, we believe the facts as shown by action No. 309949 and the testimony of appellant justify the action of the County Court in appointing the public administrator. The Circuit Court sustained this action.

The judgment of the Circuit Court is affirmed.