**TREAS v. TREAS et al.**

Court of Appeals of Kentucky.

June 12, 1951.

C. E. Gordon, Benton, for appellant.

Walter L. Prince, Earl T. Osborne, Benton, for appellees.

CAMMACK, Chief Justice.

Ban A. Treas died intestate. Among his survivors were his widow, Laura Bell Treas, and a nephew, Hollie Treas, the appellant. On the day of Mr. Treas' death the appellant filed a petition in the Marshall County Court, asking that he be appointed administrator of his uncle's estate. Several days later the widow filed a waiver of her right to be appointed as administratrix in the Marshall County Court and nominated in her stead the appellee, B. L. Trevathan. On the same day Mr. Trevathan filed his petition asking to be appointed administrator of the estate. Without notice the county judge appointed Mr. Trevathan as administrator. The appellant objected to Mr. Trevathan's appointment. The controversy was finally determined adversely to the contentions of the appellant and the appeal is from a judgment to that effect.

We think the chancellor properly disposed of the case. The second paragraph of KRS 395.015 reads as follows: "(2) In case of intestacy, if there be no surviving spouse, or if such spouse waives the right of appointment or is not qualified to act and does not nominate a suitable administrator and there are more than one resident heir at law entitled to appointment, the court shall thereupon appoint a time for hearing such application. Notice of said hearing shall be given to the surviving spouse and all known heirs of the deceased residing in the state, in the manner provided in KRS 395.016."

The first paragraph of KRS 395.040 is as follows: "(1)The court shall grant administration to the relations of the deceased who apply for administration, preferring the surviving husband or wife, and then such others as are next entitled to distribu-

tion, or one or more of them whom the court judges will best manage the estate."

The question involved is, whether the person nominated by the surviving spouse (Mrs. Treas having waived her right to be appointed as administratrix) can be so appointed in preference to a kinsman without notice and a hearing. We have indicated that the answer is "Yes." We think this conclusion does no violence to the two sections of the statute quoted above when they are considered together. Mr. Treas left a widow. She was qualified, but waived the right of appointment as administratrix. However, she did nominate a suitable person to administer the estate. Therefore, no notice or a hearing was necessary. The preference given the surviving husband or wife under KRS 395.040 includes the right of the survivor to nominate a suitable administrator under the conditions set forth in Paragraph 2 of KRS 395.015.

Judgment affirmed.