## BEDDOW v. BEDDOW'S ADM'R.

Court of Appeals of Kentucky.

Oct. 30, 1953.

Rehearing Denied May 7, 1954.

James F. Clay, Danville, for appellant.

Pierce Lively, Danville, for appellee.

STEWART, Justice.

This appeal involves the legality of the appointment of the surviving widow's nominee as administrator of the estate of Robert L. Beddow, deceased.

The background of this case is that Robert L. Beddow died intestate, a resident of Boyle County, on June 15, 1951, leaving a substantial estate of real and personal property. Besides his wife, Josephine Epperson Beddow, he was survived by a brother, Thomas Beddow, a sister, Mrs. Mary Griffin, and a nephew, Charles Beddow, the son of a deceased sister. On April 28, 1952, James H. Sparrow, Jr., filed a verified application in the Boyle County Court, seeking appointment as administrator of the decedent's estate and, at the same time, the surviving wife waived her right to act in this capacity and requested the court to name Sparrow for the trust. On the same day a like application was made by the Citizens National Bank of Danville. Eight days later, or on May 6, 1952, Thomas Beddow filed his application for the appointment.

Upon the disqualification of the regular county judge, the Honorable Edgar C. Newlin, appointed specially to try this case, after proper notice, held a hearing on the various applications and rendered a decision by appointing Sparrow as the administrator and dismissing the other two applications. Thomas L. Beddow immediately superseded the order entered in the county court and appealed therefrom to the Boyle Circuit Court where on September 20, 1952, his case was dismissed. He has brought his appeal to this Court for a final adjudication.

The foregoing development is a sequel to the litigation reported in Beddow v. Beddow, Ky., 257 S.W.2d 45, wherein the validity of the marriage of the decedent and his wife was and still is under attack. The petition in the former appeal alleged, in part, that when the above marriage was consummated on January 30, 1950, at Columbus, Mississippi, Robert L. Beddow was insane. A demurrer was filed to the petition and sustained, which we held to be error. In the opinion we handed down we declared that if the decedent were in reality insane at the time of the marriage the union would be void as against the public policy of this Commonwealth, in spite of the fact that such a marriage is only voidable in the state of Mississippi. Up to now, in so far as we have been able to ascertain, the question of the decedent's insanity as of the date of his marriage is still an issue awaiting determination in the lower court.

■ Appellant argues at the outset that because the widow may, in the action we have just discussed, be eventually adjudged not to be the wife of the decedent, she is thereby deprived of her first preference to qualify or in the alternative to designate a suitable administrator in her stead; pursuant to KRS 395.040. This same contention was made and answered in Hood v. Higgins' Curator, 225 Ky. 718, 9 S.W.2d 1078, 1080. In that case, the decedent died intestate and his adopted daughter made timely application for appointment as administratrix. Neither a widow nor a natural child survived. Certain relatives and creditors objected to the appointment on the ground that a suit was pending to vacate the judgment of adoption and that until such suit had been decided the adopted daughter should not be permitted to exercise any rights she had acquired by reason of her adoption. The county court refused to honor her application and the circuit court affirmed this action. On appeal, this Court reversed the lower court, holding that until the judgment of adoption was voided no other court could refuse to recognize it or defeat the right conferred by it. In that case we gave this cogent reason for our decision: " * * * Otherwise, the rights of such person could be indefinitely suspended by a mere action assailing his rights, leaving him without remedy if the suit ultimately failed of its purpose." The result is we must accept the marriage in question as being in full force and effect and we cannot ignore the legal implications that flow from this relationship.

Appellant next poses this question: Shall the widow, whom he contends is hostile to the decedent's heirs, be allowed to dictate the appointment of the administrator when her petition was not filed within two county court terms after her husband's death?

KRS 395.040 provides:

"(1) The court shall grant administration to the relations of the deceased who apply for administration, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or one or more of them whom the court judges will best manage the estate.

"(2) If no person mentioned in subsection (1) applies for administration at the second county court from the death of an intestate, the court may grant administration to a creditor, or to any other person, in its discretion."

■ Sparrow maintains subsection (1) compelled the court to observe the precedence prescribed therein, although the making of his application was delayed beyond the second county court term. To support his position he cites Hunt v. Crocker, 246 Ky. 338, 55 S.W.2d 20, wherein we declared that the order of preference set forth in subsection (1) must be followed, and Treas v. Treas, Ky., 240 S.W.2d 593, wherein we held that the widow, having waived her right to the appointment, could designate a stranger in lieu of a relative of the decedent. In each of these cases a timely application was made, so that subsection (2) did not enter into the picture. In the case at bar, it is apparent the wife's preference to act or to designate had lapsed; nevertheless, the court respected her choice of a personal representative and this it had the right to do "in its discretion" under subsection (2).

Appellant, relying upon Mullins v. Mullins, 307 Ky. 748, 212 S.W.2d 272, claims the instant appointment amounts to an abuse of discretion. That opinion was to the effect that the county court need not extend preference to a surviving wife who failed to meet the statutory requirements, and it also involved the application of a wife and not, as here, her nomination of a stranger for letters of administration. Moreover, the court's appointment there, just as the appointment in issue in this litigation, was bottomed upon its sound discretion. Thus we have no conflict between that case and the one under consideration.

■■ This brings us to the question of whether the county court, which is vested with exclusive jurisdiction in the granting of letters of administration, abused its discretion in making the appointment of Spar-

row as the herein personal representative. We are limited only to a review of the action of the court in making such an appointment and we may not interfere therewith except where the court has exceeded or misused its powers. Gresham v. Stacy, 287 Ky. 114, 152 S.W.2d 290. Appellant has utterly failed to show any act of the court as regards the appointment which in any way transcends its powers or constitutes an abuse of its discretion. Appellee is employed by the Farmers National Bank of Danville as its trust officer and in this capacity he handles practically all the bank's fiduciary accounts. He has been in the banking business since 1925. Upon his being appointed as administrator he was able to execute the bond required of him in the penal sum of $190,000, signed by an approved surety. Nor has appellant been able to establish any antagonistic attitude on his part toward any of the heirs of the decedent nor any other reason that might disqualify him. Thus it appears that Sparrow is a suitable person to perform the responsibility imposed upon him.

Wherefore, the judgment is affirmed.