**HAYS et al.   v.   COY et al.**

Court of Appeals of Kentucky.

Jan. 29, 1954.

William O. Hays, Winchester, Robert H. Hays, Lexington, H. T. Lisle, Winchester, for appellants.

E. S. Wiggins, Richmond, for appellees.

CULLEN, Commissioner.

Upon a former appeal of this case it was held that J. Smith Hays, Sr., and his son were not entitled to serve as coadministrators with the will annexed of the estate of Mr. Hays' deceased wife.   Cosby v. Hays, Ky., 257 S.W.2d 575.

Upon remand of the case, the heirs and devisees of Mrs. Hays, other than her surviving husband, nominated C. C. Coy, a brother of the deceased, as administrator with the will annexed.   The county court refused to appoint Mr. Coy, and instead appointed the Winchester Bank.   Upon appeal to the circuit court the order of the county court was reversed, and the circuit court directed that Mr. Coy be appointed.   Mr. Hays and the bank have appealed from the judgment of the circuit court.

The first contention of the appellants is that, under KRS 395.050, the county court had discretion in the naming of an administrator with the will annexed, and was not required to give preference to those who would have been entitled to administration had there been no will.   However, upon the former appeal of this case we held that the county court "must conform to KRS 395.040 prescribing preference in the order of appointment".   Cosby v. Hays, Ky., 257 S.W.2d 575, 578.   That ruling is the law of this case.   Also, a similar holding was made in Liberty Bank & Trust Co. v. Kentucky Title Trust Co., 239 Ky. 263, 39 S.W.2d 258.

It is next contended that Mr. Coy is disqualified because his interests are antagonistic to the provisions of the will. Mrs. Hays' will was very short, providing merely that "I want all of my investments divided equally between my nieces and nephews." It is argued that it will be to the interest of Mr. Coy, as an heir at law, to have only as little of Mrs. Hays' estate as possible classified as investments, since only her "investments" pass under the will and the remainder of her estate will go to the heirs at law (less the share Mr. Hays is entitled to under KRS 392.020 by virtue of having renounced the will).

We are unable to find any authority for the proposition that the interests of an heir, under these circumstances, are so antagonistic to the provisions of the will as to disqualify the heir from serving as administrator with the will annexed. On the contrary, in Rieke's Adm'r v. Rieke, 183 Ky. 131, 208 S.W. 764, it was held that the fact that an administrator with the will annexed was seeking a construction of the will that would be to the benefit of his wife as a devisee did not constitute grounds for his removal. It was said in that case that the persons entitled to preference in appointment under the statute "always necessarily have interests antagonistic to others entitled to participate in the distribution of the estate." 208 S.W. 765. It perhaps could be argued that there is a difference between causes for removal and causes for disqualification in the first instance; however, it has been held that any cause which justifies removal will justify the denial of appointment in the first instance. Mullins v. Mullins, 307 Ky. 748, 212 S.W.2d 272; Howd v. Clay, 312 Ky. 508, 228 S.W.2d 437, 18 A.L.R.2d 629.

A fact that must be given some significance, as concerns Mr. Coy's alleged antagonistic interests, is that all of the heirs and devisees, except Mr. Hays, joined in requesting his appointment. Any interest Mr. Coy may have antagonistic to the provisions of the will could not affect Mr. Hays, because he has renounced the will. In these circumstances we can find no grounds for disqualifying Mr. Coy.

The final contention is that Mr. Coy should not serve because there is personal antagonism between him and Mr. Hays. This alone is not sufficient to disqualify Mr. Coy. Barnett's Adm'r v. Pittman, 282 Ky. 162, 137 S.W.2d 1098.

The judgment is affirmed.