RENDERED:  JUNE 30, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0284-DG

PHOEBE ADKINS                                                      APPELLANT

v.                      ON DISCRETIONARY REVIEW FROM
BOYD CIRCUIT COURT
HONORABLE JOHN F. VINCENT, JUDGE
ACTION NO. 21-XX-00002

LORA CONLEY                                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND JONES, JUDGES.

DIXON, JUDGE:  Phoebe Adkins moved our Court for discretionary review of the

order of the Boyd Circuit Court, entered on February 21, 2022, reversing and

remanding the order of the Boyd District Court, entered on June 17, 2021,

removing Lora Conley as the Administratrix of the Estate of James Fitzgerald and

appointing Adkins as successor Administratrix.  After careful review of the record,

briefs, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

James Fitzgerald died intestate when a power station he was demolishing collapsed. James was divorced from Phoebe Adkins and engaged to Lora Conley. James had one heir: his minor daughter, Adison Fitzgerald.

Conley applied to the Boyd District Court for appointment as Administratrix of James' estate, providing notice of her application to Adison via her mother, Phoebe Adkins. No objection was made, and Conley was appointed.

Prior to the appointment, Conley, Adkins, and James' siblings agreed to hire a Florida firm to handle the estate's wrongful death claim; however, after her appointment, Conley hired local counsel. Adkins then moved the district court to remove Conley as Administratrix, and Conley objected. After a hearing, the district court found Conley's decision to hire local counsel, as well as her failure to report at least two of James' paychecks on the estate's inventory, violated her fiduciary duties. Consequently, the district court removed Conley as Administratrix and appointed Adkins as her successor. Conley moved the district court to reconsider, but her request was denied.

Conley then appealed to the Boyd Circuit Court. After the matter was briefed and a hearing held, the circuit court reversed the district court because Kentucky law "does not allow the personal representative to be removed except for

some substantial and significant cause, and no such cause is present here." Adkins moved our Court for discretionary review.

## STANDARD OF REVIEW

On appellate review, a trial court's findings of fact shall not be set aside unless clearly erroneous. CR[1] 52.01; *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409 (Ky. 1998); *Gosney v. Glenn*, 163 S.W.3d 894 (Ky. App. 2005); *Alvey v. Union Inv., Inc.*, 697 S.W.2d 145 (Ky. App. 1985). "A factual finding is not clearly erroneous if it is supported by substantial evidence." *Gosney*, 163 S.W.3d at 898. Substantial evidence is "that which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person." *Bowling v. Nat. Res. & Env't Prot. Cabinet*, 891 S.W.2d 406, 409 (Ky. App. 1994). A trial court's conclusions of law, however, are subject to *de novo* review, and an appellate court owes them no deference upon review. *See Arnold v. Patterson*, 229 S.W.3d 923 (Ky. App. 2007).

## LEGAL ANALYSIS

On appeal, Adkins first argues that "misappropriation of estate funds, whether through malfeasance of the Administratrix or through mistake of Administratrix's counsel, constitutes a sufficient factual basis to remove" an Administratrix.

---

[1] Kentucky Rules of Civil Procedure.

KRS[2] 395.160 authorizes the district court to remove an estate's personal representative where the personal representative: moves out of the state and fails to designate a process agent, becomes insane "or otherwise incapable to discharge the trust," becomes bankrupt, or is in failing circumstances. Yet, "while the district courts are generally vested with a broad discretion in determining whether an . . . administrator [or administratrix] shall be removed from office, **unless some good sound reason is shown the removal should be denied**." *Wolfe v. Young*, 521 S.W.3d 598, 601 (Ky. App. 2017) (emphasis added). Furthermore, "[w]ith regard to the statutory grounds for removal, it should be noted that [the words] 'otherwise incapable to discharge the trust' . . . are susceptible of a broad and general interpretation in that they have been held to embrace **mismanagement and waste which will result in substantial loss to the distributes**[,]" and the law presumes honesty and fair dealing among people. *Id.* at 602-03 (emphasis added).

There is no factual dispute in the case herein that at least two of the decedent's paychecks were not listed in the estate's inventory. Yet, just as in *Wolfe*, the district court in the case herein erred by "anticipating or presuming [Conley's] dishonesty and unfair dealings before any such **bad intention** had been clearly established." *Id.* at 603 (emphasis added). There is insufficient evidence that Conley or her attorney converted or "misappropriated" the paychecks at issue.

---

[2] Kentucky Revised Statutes.

Instead, Conley's attorney asserts that those items were inadvertently omitted from the inventory and takes full responsibility for the omission.

Additionally, it was well within Conley's authority as Administratrix to hire any counsel she deemed appropriate under KRS 411.130 and 395.195. Likewise, there is insufficient evidence that hiring local counsel would result in a substantial loss to the estate. Accordingly, in the absence of a "good sound reason," the removal of Conley as Administratrix should have been denied.

Adkins' second set of arguments centers around the notion that a probate court can alter or vacate its prior orders regarding appointment of an Administrator/Administratrix of an estate. These arguments nebulously address the nonfinality of the orders appointing an Administratrix, vaguely assert that KRS 395.040 prefers the appointment of relatives of the deceased over those who are unrelated, and include passing jabs at Conley's previously resolved bankruptcy proceedings. We will not search the record to construct Adkins' argument for her, nor will we go on a fishing expedition to find support for her underdeveloped arguments. "Even when briefs have been filed, a reviewing court will generally confine itself to errors pointed out in the briefs and will not search the record for errors." *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979). Consequently, we decline to address this issue as it is an underdeveloped and vague alleged point of error.

Next, Adkins maintains there should be a presumption in cases like this that the Administratrix should be the sole custodial parent of the minor heir. While Adkins cites KRS 395.040 to support her proposition, she ignores its plain language, which provides in relevant part, "[t]he court shall grant administration to the relations of the deceased **who apply** for administration[.]" (emphasis added). Herein, no one except Conley applied to administer the estate. Adkins was given notice of Conley's application and failed to either object or apply to administer the estate. Since Adkins did neither, the district court did not err in its appointment of Conley as Administratrix.

Adkins' final argument is that Conley cannot qualify as the estate's Administratrix because she has an adversarial relationship to its heir. This argument is based on an **_extension_** of the "adversarial relationship" between Conley and Adkins. Adkins argues Conley is a "constructive adversary" of the sole beneficiary of the estate and should be deemed an adversary of the estate itself and be disqualified.

Adkins cites *Hunt v. Crocker*, 246 Ky. 338, 55 S.W.2d 20 (1932), to support her argument, comparing Conley to the estate's representative that was removed for cause. In *Hunt*, Kentucky's highest court observed:

> [a]nimosity of the relatives of a deceased of itself, or an open, hostile, adverse claim against the estate itself **may or may not** be either a ground justifying a denial of the appointment of a relative, or constitute legal cause for a

-6-

removal after appointment; each case depending on its own particular facts.

*Id.* at 21 (emphasis added). No animosity has been demonstrated between Conley and Adison, nor has it been shown that Conley has a claim against the estate. Instead, Conley is factually and legally more similarly situated to the other representative whom it was held should not have been removed. Like that representative, "[n]o sufficient facts were shown to justify setting aside [Conley's] appointment." *Id.* Thus, the district court erred in setting aside the appointment.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Boyd Circuit Court is hereby AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert E. Salyer
Lexington, Kentucky

BRIEF FOR APPELLEE:

John R. McGinnis
R. Stephen McGinnis
Greenup, Kentucky