CASE 13.—ACTION BY WILBUR STOCK FOOD COMPANY AGAINST A. E. PETTY.—February 7.

## Petty v. Wilbur Stock Food Co.

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

From the judgment defendant appeals—Reversed.

1. Judgment—Default—Vacation—Application.—Ky. St. 1903, section 988, governing courts of continuous session, provides that such courts shall have control over their judgment for sixty days, as circuit courts have over their judgments during the term in which they are rendered. Held, that where a default judgment was rendered against defendant in such court and a motion to open the default and permit defendant to answer was filed within 60 days, the court did not lose jurisdiction because it did not determine the motion until sixty days had expired.

2. Courts—Court Rules—Violation of Statutes.—Ky. St. 1903, section 980, provides that all suits in which the defendant resides nearer to the county seat than to a city of the second class shall be docketed and tried at the county seat, and that the process shall so indicate. Held, that a rule of the Kenton circuit court providing that the clerk shall determine whether the defendant resides nearer to Covington or to Independence on the written statement of the party or the attorney filing the suit, and where no such statement is filed the clerk shall docket the case in Covington, is inconsistent with the statute, and invalid.

Petty v. Wilbur Stock Food Company.

3.  Judgment—Default—Vacation.—Where the, process on which a default judgment was based was not issued as required by statute, and a meritorious defense was set up by an answer attached to the application to open the default and set aside. the judgment and by other facts appearing in the record, the court should have set aside the judgment and permitted the answer to be filed.

FREDERICK W. SCHMITZ for appellant.

### POINTS AND AUTHORITIES.

1.  Kenton county having a population of less than 150,000, with courts of continuous session and a city of the second class, which however, was not its county seat, this cause should have been transferred to the latter, appellant residing nearer to said county seat, than to said city.  (Section 980, Kentucky Statutes.)

2.  Section 340 and 342, Kentucky Code, do not apply to a motion to set aside a judgment, where no issue of fact has been tried and decided by the court, nor a verdict of a jury, as a basis for such judgment, and; therefore, this question is governed by the common law rule, by which courts have control over their judgments during the term at which they are rendered, and motions to set aside such judgments may be made at any time during the term at which they are rendered.  (Rigglesberger v. Bailey, 19 Ky. Law Rep., 1660; Pennsylvania Fire Ins. Co. v. Young, 25 Ky. Law Rep., 1350; Cyclopedia of Law and Procedure, vol. 23, p. 901.)

3.  A court of continuous session has power to set aside a default judgment after the expiration of sixty days from the date of its entry, where a motion for that purpose was made before the expiration of the sixty days, and an answer is tendered showing a good defense.  (Rigglesberger v. Bailey, 19 Ky. Law Rep., 1660; Cyclopedia of Law & Prac., vol. 23, p. 904b; Cyclopedia of Pleading & Pr. vol. 6, p. 198.)

4.  Not so, where there has been a trial upon the merits, and a failure to move for a new trial within three days in an ordinary action, or within fifteen days in an equitable action.  In such cases, upon motion made after three days, or after fifteen days, respectively, the court must act before the expiration of sixty days from the rendition of the judgment if its act is to have validity.  (Williams v. Williams, 21 Ky. Law Rep., 1203.)

F. M. TRACEY for appellee.

CLASSIFICATION OF POINTS DISCUSSED AND AUTHORITIES

1.  Even if the court had the power, it would have been an abuse of discretion to have set aside the judgment involved in this appeal.

2.  Sixty days having elapsed the circuit court had no such power. (Section 988, Kentucky Statutes.)

3.  The filing of a motion to set aside a judgment does not have the effect of suspending same. (Williams v. Williams, 107 Ky., 446.)

4.  Section 980 providing for the docketing of cases at Independence under certain circumstances does not deprive the court sitting at Covington of jurisdiction.

OPINION OF THE COURT BY ·JUDGE HOBSON—Reversing.

On January 20, 1906, the Wilbur Stock Food Company filed its petition in the Kenton circuit court against A. E. Petty to recover judgment against him on a note for $1,500, dated December 23, 1905, and due 10 days after date. On March 5, 1906, process having been served and no answer having been filed, a judgment was entered in favor of the plaintiff as prayed in the petition. On March 31st the defendant, A. E. Petty, filed a motion to transfer the case to Independence, and at the same time moved the court to set aside the judgment of March 5, 1906, and for leave to file answer. On April 9th Petty filed his answer and an affidavit showing why he had not answered before. A counter affidavit was filed by F. M. Tracy, the plaintiff's attorney. The pending motions were then continued to April 14th. In his answer he alleged that he was a farmer living near the town of Independence: that on November 6, 1905, ·there appeared in a newspaper circulating in the county, the following advertisement: "Wanted— Strictly high-grade man as state manager; large cor-

poration; established twenty-three years; doing busi-
ness in every state of Union; salary $2,100 for ten
and one-half months per year and commissions;
mimimum investment $1,500 in stock company and
exceptional reference required, Supt. Agencies.  W.ɪ-
bur Stock Food Co., Wilwaukee, Wis.''  He alleged
that he read the advertisement, and wrote the Wilbur
Stock Food Company; that it promised him to make
a contract with him to pay him the sum of $2,100 per
year for the term of three years for his services as
its state manager in consideration of the subscription
by him for $1,500 of the capital stock of the company;
that, after receiving a letter from the plaintiff which
he filed with his answer, he went to Milwaukee, Wis.,
and there executed the note for $1,500, but the plain-
tiff did not make him its manager, or give him the
position that was the consideration of the agreement;
and that he then and there before leaving the room,
demanded that his note be returned to him, which it
refused to do.  He pleaded the note was without con-
sideration and was obtained by fraud.  On April 14th
the motions were continued until April 23d, then to
the 30th.  On May 7th the evidence was heard, but
for some reason the court did not determine the
motion until October 31st, when he overruled it upon
the ground that he had no power over a judgment
after sixty days from its rendition; the court stating
in its written opinion that but for this he would open
the judgment and allow the answer to be filed.

The precise question raised here was decided in
Riglesberger v. Bailey, 102 Ky. 608, 19 Ky. Law
Rep. 1660, 44 S. W. 118.  In that case, after judgment
by default against him, the defendant appeared at the
same term, tendered a good defense and moved to
set aside the judgment.  The motion was taken under

advisement, and at the subsequent term, after hearing the evidence on the motion, the court sustained it, and ordered the answer filed. On a hearing of the case on the merits, judgment was entered in favor of the defendant. The plaintiff appealed to this court. The judgment was affirmed; the court resting its judgment on the ground that there is a distinction between a motion to set aside a default judgment and a motion for a new trial after there has been a trial of the case on the merits. The rule announced in this case was followed in Penn. Fire Insurance Co. v. Young, 78 S. W. 127, 25 Ky. Law Rep. 1350. A contrary rule was not announced in Williams v. Williams, 107 Ky. 496, 54 S. W. 716, 21 Ky. Law Rep. 1208. In that case there had been a trial on the merits. The plaintiff, after the time allowed for filing a motion for a new trial by section 997, Ky. St. 1903, entered a motion to set aside the judgment. It was held that the court had no power on the motion to set aside the judgment. Had the contrary rule been followed in that case, the statute requiring a motion for a new trial to be made in an equitable action within 15 days after the judgment is rendered would have been made of no effect. Section 988, Ky. St. 1903, governing courts of continuous session such as the Kenton circuit court, is as follows: "The court shall have control over its judgments for sixty days, as circuit courts have over their judgments during the term in which they are rendered." The motion to set aside the judgment entered on March 31st was made within the time during which the court had control over its judgments. The fact that the court did not determine the motion until after the end of the 60 days is not material. The litigant can only present his case to the court. He cannot make the court act   When

he has presented his case, he has done all that the law requires of him, and he must wait until the court can dispose of it in the course of its business. It is a legal maxim as old as the common law that the delay of the court shall prejudice no one. See Mutual Life Ins. Co. v. Prewitt, 127 Ky. 399, 105 S. W. 453, 31 Ky. Law Rep. 1322. We have often applied this rule where the plaintiff tenders his bill of exceptions during the term and the court does not act upon it until the next term.

Section 980, Ky. St. 1903, contains among other things the following provision: "And all suits in which the defendant, or greater number of defendants, reside nearer to said county seat than to said city of the second class, shall be docketed and tried at said county seat, and the process in such cases shall so indicate. Foreign corporations nonresidents of the county, and common carriers whose lines extend into any part of said city or county shall be deemed residents of the places, and the plaintiff in any action against any such defendant may select at which place he will have the case docketed and tried, and the process shall be made by the clerk to so indicate. By consent parties may have their case tried at either place. * * * That the circuit courts may from time to time, cause such rules as they may adopt to be certified to the Court of Appeals, and when this is done the Court of appeals shall take judicial notice thereof, and the same need not be copied into any transcript." A. E. Petty was the sole defendant in the action. He resided twelve miles from Covington and near Independence. By the provision above quoted the case should have been docketed and tried at the county seat, and the process issued by the clerk should have so indicated. The process did not so

indicate, and was returned to Covington. The court had made the following rule: "For the purpose of docketing cases and issuing process, the clerk shall determine whether the defendant or the greater number of defendants reside nearer to Covington or to Independence on the written statement of the party or attorney filing the suit, and, where no such statement is filed, the clerk shall docket the case at Covington, but any defendant may on notice to the plaintiff move for a transfer of the case to either of said places, which motion will be heard by the court where it may at the time be sitting. A failure to make such motion at or before the time answer is had shall be held a waiver of the right to have the cause transferred." The rule is inconsistent with the statute. The court may make rules, but may not make rules inconsistent with the statute. The statute requires that the process shall so indicate when the case is to be docketed and tried at the county seat. As the process must so indicate, the clerk must determine the matter when he issues the process, and to this end he should inform himself. The rule requiring the clerk to docket the case at Covington if the plaintiff's attorney files no statement is contrary to the statute. In this case, although the defendant lived near Independence, the clerk did not issue the process as required by the statute but made it returnable at Covington. Whenever the process is issued in violation of the statute, the court should on motion quash the process.

In view of the fact that the process was not issued as required by the statute, the meritorious defense set up by the answer, and the other facts shown by the record, the court should have set aside the judgment and allowed the answer to be filed.

Judgment reversed, and cause remanded for further proceedings consistent herewith.

CASE 14.—PROCEEDING BY MOTION BEFORE THE COURT OF APPEALS TO DISSOLVE AN INJUNCTION GRANTED BY THE JUDGE OF THE OWEN CIRCUIT COURT IN CHAMBERS, ON .APPLICATION OF THE OWEN COUNTY BURLEY TOBACCO SOCIETY, RESTRAINING B. S. BRUMBACK FROM DISPOSING OF HIS CROP OF TOBACCO.—Feb 7.