# Hancock's Administrator et al. v. Hancock's Executor.

(Decided Feb. 12, 1935.)

SELLIGMAN, SELLIGMAN & GOLDSMITH for appellant administrator.

BEN S. WASHER for appellant Liberty Bank & Trust Co.

BATSON & CARY for appellant Commonwealth Life Ins. Co.

SHACKELFORD MILLER, Jr., for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Lewis W. Hancock, on May 16, 1933, died testate, a resident of Jefferson county, Ky. His will was probated by the county court of the county of his residence. Harold W. Miller, the nominated executor, was appointed and qualified. Hancock, at the time of his death, was insolvent. The Commonwealth Life Insurance Company and the Liberty Bank & Trust Company were two of his creditors holding large, unsecured, and undisputed claims.

Before July 5, 1928, Hancock was issued and delivered a number of policies of life insurance, the face amount of which aggregated $110,000, providing for loan values and cash surrender values, with the right to the insured to assign his interest therein and to effect changes in the designaton of the beneficiaries. On July 5, 1928, he entered into an agreement with the

740

National Bank of Kentucky, as trustee, concerning the proceeds of these policies. The bank, on November 17, 1930, was closed; and on December 5, 1930, by writing, Hancock entered into a like agreement with the Lincoln Bank & Trust Company, substituting it as trustee. On December 5, 1932, when insolvent, he entered into a similar agreement with the Lincoln Bank & Trust Company as trustee, undertaking to effect the proceeds of the life insurance policies. The agreements of date December 5, 1930, and December 5, 1932, were identical, except the life estates of two of the benefiiciaries of the trust, that were attempted to be provided by the 1930 agreement, were deleted by the agreement of 1932, and absolute estates were attempted to be substituted therefor, whe nthe policies amounting to $65,000 covered by the agreement of 1930 were reduced to one policy for $60,000. After Hancock's death, on the policies which were payable to the Lincoln Bank & Trust Company as trustee, it collected more than $88,700. The agreement of date December 5, 1932, was in force at Hancock's death. The beneficiaries of the 1932 agreement were the widow of Hancock and his two sisters. Hancock's sister is the wife of Harold W. Miller, the executor. One-eighth of the $88,700 was provided for her by the agreement of Hancock and the Lincoln Bank & Trust Company of date December 5, 1932. The Commonwealth Life Insurance Company and the Liberty Bank & Trust Company, acting on the theory that Hancock's trust agreement with the National Bank of Kentucky as trustee was invalid, and the proceeds of the policies upon the former's death were assets of his estate subject to the payment of his debts and should be administered by the executor, because his wife, under the trust agreement, was entitled to one-eighth of the $88,700, and because Miller refused to act according to their views of the trust agreement, conceived he was disqualified to discharge the duties of executor, and should be removed and an administrator de bonis non with the will annexed of Lewis W. Hancock, appointed to discharge the duties of the executor of the will.

The Lincoln Bank & Trust Company as trustee under the trust contract of date December 5, 1932, instituted an action under the declaratory judgment act, section 639a—1 et seq., Civil Code of Practice, in the Jefferson circuit court against Miller as executor, the beneficiaries of the trust, the Commonwealth Life Insurance Company, and the Liberty Bank & Trust

Company, setting out the trust agreement, its terms and provisions, the contention of the beneficiaries and the Commonwealth Life Insurance Company and the Liberty Bank & Trust Company, respecting their rights under the trust agreement, and prayed for a declaration of rights of the trustee, the beneficiaries, and the two creditors.

The creditors, actuated by their conviction the trust contract was void and the proceeds of the policies belonged to the estate of Hancock and subject to the payment of his debts, called upon Harold W. Miller, as executor, to take this position in that action for the use and benefit of Hancock's creditors. Miller presented to his counsel a statement of the facts, together with the trust contract and the construction thereof as placed upon it by the creditors, and sought of him advice and directions as to his duties as executor of the will of Hancock. By a carefully prepared letter addressed to Miller, containing his interpretation in the light of the facts, not now disputed, and a citation of authorities, sustaining his construction of the trust contract, his counsel advised and directed Miller not to comply with the request of the creditors.

In accordance with the advice and directions of his counsel, Miller as executor filed an answer in the action of the trustee against the beneficiaries and creditors, entering his appearance, "assenting that that suit might be submitted for judgment on the pleadings." The effect of his answer was a plea of "strict neutrality." Still actuated by their belief in the theory the trust contract was invalid and it was the duty of Miller as executor, notwithstanding the careful and matured advice of his counsel, either actually to assume the position in the declaratory judgment suit of that of the creditors, or resign as executor and to permit an administrator de bonis non with the will annexed to be appointed who would accept the views of the creditors respecting the trust agreement, and actively and vigorously maintain in that action the invalidity of the trust contract, they proceeded to enter a motion in the county court for the removal of Miller as executor. It decided Miller was an improper person to act in the capacity of executor of the will of Hancock and removed him and appointed the United States Trust Company as administrator de bonis non with the will annexed of the estate of Hancock.

On an appeal to the circuit court on the evidence presented by the parties, it determined no ground of removal was established, and so ordered. The administrator de bonis non with the will annexed of Hancock is here strenuously arguing it is entitled to a reversal.

The testimony of Miller, Ernest W. Clarke, Jr., and Darwin W. Johnson, the exhibits and pleadings in the declaratory judgment suit are now presented with the earnest insistence that such are sufficient to establish ground of his removal. A careful reading thereof convinces us that whether the trust contract is valid or invalid, the mere fact that Elizabeth Hancock Miller, the wife of Harold W. Miller, the executor, is a beneficiary of the trust contract, does not establish a ground of reversal.

It is neither charged nor intimated that Miller has committed or omitted any act susceptible of interpretation or construction connoting negligence or bad faith. The sole effect of this evidence is the advice of his counsel is erroneous, and that the construction of the creditors of the trust contract is correct, proper, and infallible. It is entirely unnecessary and we do not determine whether the construction of the trust contract as given it by counsel of Miller or the creditors is correct, proper, or improper. Miller's acting and relying upon the honest and good faith advice of his counsel, and assuming neutrality in the declaratory judgment suit, is no evidence of bad faith or hostility, such as to disqualify and prevent him acting in the capacity of executor.

It is apparent that it is entirely immaterial here whether the trust contract is interpreted and enforced in the declaratory judgment suit at the insistence of the creditors or of the executor. Also, that Miller's declining to take the side of either the beneficiaries or the creditors in that action only involves the question who shall be liable for the costs and attorneys' fees, which, of course, would be chargeable to the estate, if the action were defended by the executor instead of the creditors, and lost. The effect of a compliance by the executor with the demand upon Miller to defend that action on the theory of the trust agreement, as given it by the creditors, in the event the defense was unsuccessful, is to cast upon Hancock's estate the burden of the costs and counsel's fees in the declaratory judgment suit, incurred by the attack therein. Miller's

refusal so to do is not of itself, when acting upon the advice of his counsel, evidence of an adverse interest of that degree recognized by the law as ground of removal, as it is stated in section 3846, Kentucky Statutes. See Davis' Adm'r v. Davis, 162 Ky. 316, 172 S. W. 665; Rieke's Adm'r v. Rieke, 183 Ky. 131, 208 S. W. 764; Warden v. Hoover's Adm'r, 214 Ky. 370, 283 S. W. 444. Such refusal on his part does not show that the estate will suffer substantial loss or be placed at a disadvantage, which, on an adequate showing, may in the particular case constitute ground of removal. Warden v. Hoover's Adm'r, supra. No sufficient facts are shown to justify Miller's removal. Hunt v. Crocker, 246 Ky. 338, 55 S. W. 20, and cases cited.

The judgment of the trial court being in harmony with our views, it is affirmed.