# Kuechler et al. v. Rubbathen et al.

(Decided Dec. 1, 1936.)

OTTO WOLFF and J. EDWARD BOLTZ for appellants.

R. P. MOLONEY, NOLAN CARTER and MARION W. MOORE for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Josephine K. Kelly died testate on the 17th day of January, 1935, a resident of Newport, Campbell county, Ky. At the time of her death she was the owner of various kinds of property in both Campbell and Fayette counites, Ky.

In her will she appointed the appellee, who was a resident of Lexington, Fayette county, Ky., as the sole executor of her estate. Appellee came into possession of the decedent's will soon after her death and took it to Lexington and had it probated in the Fayette county court. In September, 1935, he filed suit in the Fayette circuit court seeking a construction of the will. However, he had not qualified as executor of the decedent's estate.

After appellee had filed the suit in the Fayette circuit court for a construction of the will, Henry Miller and Mrs. Carrie Saner, both of whom were beneficiaries of the will of the decedent, filed in the Campbell county court a copy of the will and a motion supported by their affidavits, requesting the court to fix the time for offering the will for probate in the Campbell county court and asked for a subpoena duces tecum for appellee requiring him to produce the will. The court issued the subpoena and fixed the time for hearing on September 25, but by consent the date was extended to October 2, 1935. Appellee failed to appear in person, but his attorney appeared and resisted the issuance of the subpoena, because appellee lived more than 30 miles from Newport. The court then issued a rule against appellee returnable October 15, 1935, and on that day he appeared in person and by his counsel filed a response to the rule stating that the will was in the files of the Fayette county court where he had it probated and that he could not produce it. The court then heard testimony on the application and motion of appellants to probate a copy of the will.

The cause was submitted with the understanding that the court withhold any ruling thereon until October 30, 1935, and on the following day the court ordered the will probated and appointed appellant administrator with the will annexed and denied appellee the right to qualify as executor of the estate of the decedent. The order in part reads:

"And the Executor named in the Will not having applied for appointment as such, it is now ordered upon the motion of the propounders that Henry Kuechler be and he is appointed Administrator with the Will Annexed of said estate and he will give bond in the sum of Fifteen Thousand Dollars."

When appellee received information that appellant

had been appointed administrator with the will annexed and his right to qualify as executor had been denied him, he moved the Campbell county court to allow him to qualify as executor and to set aside the order appointing appellant administrator with the will annexed; and at the same time he filed his motion for a rule against appellant to require him to show cause why he should not be removed as such administrator. A hearing was had on the two motions, and the county court entered an order overruling both of them, reciting, among other things, "that [appellee] in offering the will of decedent for probate in Fayette county, and in filing a suit for construction of said will in Fayette county, the executor has taken an inconsistent position and the court doubts his real sincerity and interest in the ultimate welfare of the estate."

From the above order appellee appealed to the Campbell circuit court, and on a hearing of the case that court entered judgment setting aside so much of the order of the Campbell county court as appointed appellant administrator with the will annexed and removed him as such administrator, and further directed the Campbell county court to allow appellee to qualify as executor of the estate of decedent, and from that judgment Henry Kuechler has prosecuted this appeal.

The questions of decedent's residence and the propriety of the ultimate probation of the will in the Campbell county court are not presented in this appeal. The only question before us is whether or not the conduct of appellee, whom the testator named as executor of her estate, was such as to deprive him of the right to qualify as executor and discharge the trust reposed in him.

It is insisted for appellant that appellee's failure to appear in the Campbell county court when the will was probated was sufficient to warrant the court to conclude that he declined the appointment or to qualify, and the court then had the right to appoint an administrator with the will annexed. But it will be noticed that appellee was not notified to appear in the Campbell county court to accept or decline the trust, but he was only required by the notice to produce the will. It is nowhere shown that he actually refused to qualify. It is also insisted that appellee's conduct in taking the will out of the county of the residence of the testator and

having it probated in Fayette county and neglecting to qualify as executor or to take any steps to settle or otherwise administer the estate, and thereby depriving, or at least delaying, the beneficiaries of the will in receiving their legacies, amounted to constructive refusal to qualify.

Appellant relies principally upon section 3846 of the Kentucky Statutes, which reads as follows:

"If a personal representative shall reside out of the state, or become insane, or become otherwise incapable to discharge the trust, or bankrupt, or insolvent, or in failing circumstances, the county court shall remove him, and the other representative shall discharge the trust; but if he reside in the county of his appointment, or in an adjoining county, and is not insane, he shall have ten days' notice before the order of removal is made; if insane, the notice must be given to his trustee, if he have one, and if there is no representative, the court may appoint one."

There is no contention that appellee is a bankrupt or insolvent or in failing circumstances, nor that he has expressly refused to qualify as executor. But it is insisted that his conduct as indicated above proves him to be "otherwise incapable to discharge the trust," as provided in the statute, supra, and to support his contention he cites and relies on the cases of Zinn's Adm'r v. Brown et al., 225 Ky. 814, 10 S. W. (2d) 300, and Warden v. Hoover's Adm'r, 214 Ky. 370, 283 S. W. 444.

In the Zinn Case, supra, it was held that where an heir, appointed as administrator, attempted to deceive his coheirs into belief that they should sign writing whereby he and his son would receive three-fifths of the estate, and that the other two-fifths was a sum equal to that amount, when facts within his knowledge did not sustain that statement, he was properly removed as administrator, under Kentucky Statutes, sec. 3846, on ground that he was "otherwise incapable to discharge the trust." The Warden Case, supra, is of like import and founded upon similar facts and reason. Those cases do not sustain appellant's argument; and, furthermore, it will be noticed that those cases, supra, deal with administrators of intestate decedents, not with executors named in the will by a testator. The trend of authority seems to be to the effect that the court may

remove an administrator for a cause which would not justify the removal of an executor, or a refusal to permit him to qualify, which is tantamount to removal. The reason for the distinction is obvious. An administrator of the estate of an intestate is appointed solely by the court, while an executor is appointed or designated by the testator, and it is the duty of the court to permit the named executor to qualify unless he is disqualified under the statute, or other good and substantial reasons be clearly established.

In the case of Nunn et al. v. Hamilton, 233 Ky. 663, 26 S. W. (2d) 526, it is held that in determining the rights of an executor to qualify, courts will not add disqualifications to those specified by statutes, nor disregard the testator's solemnly expressed wishes by too liberal an interpretation of the statutory disqualifications.

In Adams v. Readnour, 134 Ky. 230, 120 S. W. 279, 282, 20 Ann. Cas. 833, where a similar question was involved, the court said:

"For reasons satisfactory to himself, the testator nominates an executor. He may prefer such executor because of his confidence in him or his knowledge of the latter's business qualifications. So far as possible, the court should carry out the intention of the testator by seeing that the trust is committed to the one designated by the testator. To do this the nominated executor should be given an opportunity to accept or decline the trust. He can do this in writing, or by his appearance in court. The court may then enter the proper order, but should not act until the nominated executor has been cited to appear and show cause why he should not accept or decline the trust. Until this has been done, no appointment of an administrator with the will annexed should be made."

Appellee says that he had the decedent's will probated in the Fayette county court under the advice of counsel and that he acted in good faith, believing that Fayette county was the proper place to have the will probated; that decedent owned a residence in Lexington and other property in Fayette county and a business of which he had been her general manager for many years, and a large portion of the estate to be administered was in that county. In these circumstances

it may be conceded that appellee acted in good faith in having the will probated in Fayette county; but he offers no explanation for his delay in offering to qualify as executor and to proceed to administer the estate.

But in the absence of a showing that he had expressly refused to qualify, or other conduct clearly establishing his unfitness to discharge the trust reposed in him by the testator, we think he should be permitted to qualify.

The further insistence is that appellee is hostile to, or at least not in sympathy with, the legatees of the will, and for that reason he will not or might not accord them fair treatment in the settlement and distribution of the estate. But it must not be overlooked that the law presumes honesty and fair dealings among people until the contrary has been shown, and the court cannot anticipate or presume dishonesty and unfair dealings until such has been clearly established. Appellee's delay in qualifying or offering to qualify does not furnish evidence of unfitness to discharge the trust.

For reasons stated. we concur in the judgment of the chancellor.

The judgment is affirmed.