## Gresham v. Stacy.

June 6, 1941.

Clarence Miller, Ben H. Scott and Marcus Redwine for appellant. John W. Walker for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

This is an appeal from a judgment of the Estill Circuit Court which reversed a judgment of the Estill County Court appointing appellant administratrix with the will annexed of the estate of her mother. The Circuit Court's judgment also directed the County Court to grant administration of the estate to the appellee.

Both parties are children of Elizabeth Stacy who had executed two wills, one dated May 13, 1924, and the other, July 9, 1938. The latter will bequeathed the entire estate to the appellant and named her as executrix. The 1924 will merely devised all of testatrix's property to her children, share and share alike, and named no executor. Subsequent to the execution of the 1924 will, the testatrix had conveyed all of her real estate to the appellant. This deed had been set aside by judgment of the Circuit Court, as had also the 1938 will, and the judgment entered in the will contest directed that the 1924 will be probated. Upon its probate in the County Court, the appellant and the appellee each sought authority to administer the estate, with the result that appellant's applicaion was granted and that of appellee denied.

The transcript before us indicates that the Circuit Court tried the case upon the record made in the County Court, and the affidavits which form part of the record disclose that the appointment of appellant was objected to by appellee upon the ground that appellant's interests were antagonistic to the will because of her assertion of title to the real estate under the deed which had been adjudged invalid. None of the instruments referred to is before us, and the statements which we have made concerning their contents are taken from the briefs of counsel. It is conceded that appellant has abandoned her attempt to probate the 1938 will, but it is insisted by appellee's counsel that the feelings engendered by that litigation and the fact that appellant has prayed an appeal to this Court from the judgment cancelling the deed, render her interests antagonistic to the 1924 will, and therefore, under the Statutes, disqualified her from acting as its administratrix.

But it is also conceded that the 1924 will does not vest any person with any power over the real estate.

116

Hence, the administratrix with the will annexed will be concerned only with the administration of the personalty, which, according to the appraisement, is worth only $219.25. While appellant's claim to the real estate is hostile to that asserted by the other beneficiaries of the will, in practical operation the situation is not different from that which would have existed had the mother died intestate and appellant been appointed administratrix of her estate. The object of Section 3891 Kentucky Statutes was to prevent the appointment of a personal representative, who, as such, would be able or tempted to further his individual interests to the detriment of the rights of others. Before the disqualification can attach, one must possess or pretend to possess some claim to some portion of the estate to be administered, which, if allowed or asserted, would diminish the shares of the beneficiaries, or at least subject them to delay, expense, or annoyance. In the case before us we cannot conceive of any claim which appellant could have against the personal estate of the decedent, other than her right to her aliquot part under the terms of the will. At least, none other is shown to exist since the validity of the will has been finally determined and the real estate is beyond reach of the personal representative.

Jurisdiction to appoint administrators is exclusively vested in the County Courts, and while their actions are subject to review, they should not be interfered with except where powers have been exceeded or discretion abused. Such is not the case here, and accordingly, the judgment of the Circuit Court is reversed for proceedings consistent with this opinion.