## Cox's Adm'r (Wall) v. Bingham.

Nov. 26, 1943.

14

J. B. Wall for appellant.

Golden & Lay for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Henry C. Cox, while a citizen of Harlan County and about fifty-seven years of age, was accidentally injured on July 3, 1942, as a result of an explosion of a gasoline storage tank located on the premises, and controlled and owned by the E. S. Shoemaker Oil Company, from the effects of which he died the next day, and his wife, who was also injured from the same cause, died the day following her husband's death. Henry Cox left surviving him five or six children as his sole surviving heirs, all but the oldest one being under twenty-one years of age, and the adult one resided in the state of Ohio. He left surviving him besides his children some sisters and the nearest relative of some of the surviving children (de-

cedent having been married twice) on their maternal side was their grandmother, Mrs. Hettie Rains, who resided in Corbin, Whitley County, Kentucky.

On July 9, 1942, five days after the death of the husband and four days after the death of the wife, L. C. Wall, a citizen of Harlan County, appeared before the Judge of the Harlan County Court and filed with that officer a written request of Mrs. Rains addressed to him in these words: "I hereby request you to appoint L. C. Wall of Harlan Co. Ky. administrator of the Estate of Henry C. Cox, deceased. I am the Grandmother of four of his children. Their mother, Pearl Rains Cox is dead. Children's names: Bobby Cox, 16 years; Gascal Cox, 13 years; Nellie Cox, 12 years; Gentry Cox, 9 years. Yours truly, Hettie Rains, X her mark." It was witnessed by two persons. Upon its filing L. C. Wall entered motion that he be appointed administrator of the estate of Henry C. Cox, which the court announced that he would sustain, and then accepted a bond from the appointee as such fiduciary. Within about two weeks thereafter the appointee, as such fiduciary, filed an action in the Harlan Circuit Court against the Shoemaker Oil Company and the Gulf Refining Company, alleging that the explosion of the gasoline tank was due to the negligence of defendants therein as its owners and operators and because of which reason they were liable to the estate of plaintiff's decedent, in that action, for the loss and destruction of his earning capacity which the petition alleged amounted to $2,990, for which judgment was prayed. Immediately following the filing of that petition, L. C. Wall, acting in his alleged fiduciary capacity, compromised that action by accepting $2,500 from the defendants therein.

On August 1 the appellee, J. T. Bingham, pursuant to notices theretofore given as prescribed in section 395.016 of KRS, moved the court to set aside the order appointing Wall, and at the same time he filed his application for the appointment duly prepared pursuant to the provisions of section 395.015 of the same statutes. Both motions were heard by the county judge and he overruled each of them, from which an appeal was immediately prosecuted by Bingham to the Harlan Circuit Court, the appellant executing the required bond. Upon a hearing on that appeal the circuit judge reversed the county judge and ordered and directed the latter to sus-

tain the motion setting aside the order appointing L. C. Wall as such fiduciary, and from that order he prosecutes this appeal.

Counsel for appellant admits that neither section of the statutes, supra, was complied with by his client upon the latter's application for his appointment; but he insists that the section 395.016, prescribing for notice to interested parties in the estate, is not applicable for the reason that the estate did not amount to as much as $1,000. But the record shows that it was estimated to be of the value of $999, consisting of furniture, clothing and other household goods. Moreover, there was the inchoate claim for damages to decedent's estate because of actionable negligence producing his death, and the text in 21 Am. Jur. 396, sec. 42, says: "Rights of action for wrongful death have been regarded as assets which justify the appointment of domiciliary administrators." As an excuse for not filing the verified application, with the prescribed contents as contained in section 395.015, supra, appellant's counsel relies on the writing supra from Mrs. Rains, the grandmother of some of the surviving children of decedent, whom he claims was the only resident relative of decedent's children that the law preferred in the appointment of such fiduciaries, and by reason of which she had the right to designate the one to receive the appointment. Leaving out the insistence that she possessed the right to make such designation, yet before she could do so, she, herself, must have possessed the preferred right to receive the appointment if she desired to assume its duties. Subsection (1) of section 395.040 says: "The court shall grant administration to the relations of the deceased who apply for administration, preferring the surviving husband or wife, and then such others as are next *entitled to distribution,* or one or more of them whom the court judges will best manage the estate." (Our emphasis.) The undisputed facts clearly show that the grandmother, Mrs. Rains, was in no event "entitled to distribution" in any part of the decedent's estate, which fact destroyed any preference right that she might otherwise have possessed had she been so entitled. Therefore, her request for appellant's appointment was no more efficacious than if it had been made by any other sui juris citizen within the Commonwealth.

Because of such irregularities and defects, appel-

lee's counsel argues that the ostensible appointment of appellant as such fiduciary was absolutely void, which argument is based upon the contention that the required application in the section 395.015 is jurisdictional. But we do not deem it necessary for the purposes of this case to determine that question and for which reason it will be left undetermined. We do, however, construe that section to require the appointing court to disregard and set aside the prior irregular appointment upon timely application by a suitable person who does comply with the provision of the statute. The motions by appellee in the Harlan County Court were made only twenty-one days after the alleged appointment of appellant, and the order making the appointment had not been signed by the Judge at that time. Therefore, it was then ineffectual, except possibly to create appellant a de facto administrator but which question is not now determined. At any rate, from and after appellee made his motions on August 1, 1942, further orders touching the appointment and qualification of appellant became suspended and the county judge would not then have the right to sign the order appointing appellant until such motions were finally disposed of. Appellee suspended the effect of overruling his motion to set aside the appointment of appellant, when he appealed to the circuit court and executed the required bond. The Circuit Court, as we have seen, did not direct the county court to appoint appellee as such fiduciary, for the manifest reason that the county court by its order created no vacancy to be filled by appellee or any other person. Therefore, after the county court complies with the direction of the circuit court by setting aside the order appointing appellant, the question as to who shall receive the appointment as administrator of the estate of the decedent will become a matter to be determined by the probate court of Harlan County.

Besides the fact that the order appointing appellant had not been signed by the judge on the records of the Harlan county court, it will furthermore be perceived that the monthly term of that court had not expired when appellee made his motion to set aside the preceding order appointing appellant; thus, converting appellee's motion from a collateral attack of that order into a direct one, and when there developed voidable irregularities in appellant's appointment, it became the duty of the county court to set it aside—even though not

void but only voidable—and to proceed again to the task of making an appointment in conformity with the law.

No question as to the validity of appellant's actions while purporting to act as such fiduciary is involved in the case, and it will be time enough to determine any such when duly presented.

Wherefore, for the reasons stated, the judgment is affirmed.