# Karsner's Ex'r v. Monterey Christian Church.

March 14, 1947.

Eugene Hubbard, Judge.

J. Ward Lehigh for appellant.

Lorenzo K. Wood and W. S. Heidenberg for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

This appeal is from an order removing the appellant as executor.

Cedar D. Karsner died in September, 1944, survived by the appellant, A. J. Karsner, another brother, J. C. Karsner, and two sisters. His estate was of the value of around $45,000. He bequeathed $1 to J. C. Karsner and the rest of his estate to 'A. J. Karsner in trust for the payment of 10% of the income to the Monterey Christian Church, located in Owen County, and the balance to this brother and his two sisters. The corpus was bequeathed to the church upon the death of the three. A. J. Karsner qualified as executor. The Monterey Christian Church filed this proceeding in December, 1945, to remove him. J. C. Karsner had instituted a contest of the will on May 17, 1945. The county court

overruled the motion to remove, but on appeal the circuit court sustained it.

From the day the testator died the appellant set about to get the church to accept a relatively small sum and to agree that the will be set aside. He early produced a document to that effect. It had been prepared by the attorney who later filed the contest for his brother. His statements to the church officers from time to time concerning the value of the estate and other matters were more than mere trading points. They bordered on misrepresentation so great as to amount to bad faith. He raised the offers from $2500 to $4,000, which were refused when the church officers learned the facts. The executor on many occasions had expressed the opinion that the testator did not have mental capacity to make the will. He once told the clerk of the church, "We can easily break this will because his mind hadn't been good for many years." Though six months had expired since the contest had been filed the executor had not retained counsel until a few days before he was called upon to testify upon this motion. He testified that he could not find any witnesses to defend the contest. He intimated that he may have a substantial personal claim against the estate growing out of the settlement of his father's estate.

We recognize that it takes stronger proof of disqualification for the removal of an executor in whom a testator had confidence enough to appoint than it does of an administrator named by the court. Kuechler v. Rubbathen, 266 Ky. 390, 99 S. W. 2d 193. In most of the cases the fiducial bond is an assurance to the beneficiary, but a bond does not protect the principal beneficiary in this case against loss by reason of the hostility of the executor to the will itself and his neglect in defending it. A duty to defend a will if possible rests on an executor. Panke v. Louisville Trust Company, 303 Ky. 579, 198 S. W. 2d 313. If a personal representative cannot in good faith and conscience perform his trust in a fair and unbiased manner, he ought to resign voluntarily. If he does not, then he should be removed by the court, under the provisions of KRS 395.160, because he is "incapable to discharge the trust." Warden v. Hoover, 214 Ky. 370, 283 S. W. 444, 446; Zinn's Adm'r v. Brown, 225 Ky. 814, 10 S. W. 2d 300; Price's Adm'r v. Price,

291 Ky. 211, 163 S. W. 2d 463, 464; Hancock's Adm'r v. Hancock's Ex'r, 257 Ky. 739, 79 S. W. 2d 206: Cf. Hunt v. Crocker, 246 Ky. 338, 55 S. W. 2d 20.

The judgment is affirmed.