### COSBY et al. v. HAYS et al.

Court of Appeals of Kentucky.

March 13, 1953.

Rehearing Denied May 29, 1953.

Wiggins & Wiggins, Richmond, for appellants.

William O. Hays, Winchester, Robert Hays, Lexington, for appellees.

DUNCAN, Justice.

This appeal is from a judgment of the Clark Circuit Court affirming a judgment of the Clark County Court which appointed appellees, J. Smith Hays, Sr., and J. Smith Hays, Jr., as coadministrators with the will annexed of the estate of Iva Coy Hays, deceased. Her nieces and nephews, as devisees, and her brothers, as heirs at law, are the appellants.

The deceased, Iva Coy Hays, married J. Smith Hays, Sr., in 1919, and the parties resided together in Winchester, Kentucky, at the home of the husband until her death in 1951. No children resulted from this marriage, but J. Smith Hays, Sr., had several children as a result of a previous marriage. In 1928 or 1929, deceased received an inheritance of approximately $30,000 from the estate of her father. The investment of this fund was handled principally by J. Smith Hays, Sr., who made and changed investments and drew checks on his wife's account for that purpose. In 1944, decedent made a holographic will which provided as follows:

"I want all of my investments, *dived equaly* between my nieces and nephews

Iva Coy Hays"

On the same paper and preceding the will was the following list of investments prepared at the direction of Iva Coy Hays by one of her nieces:

"Iva Coy Hays List

| | |
|---|---|
| Invested in this house where it was built— | $3,000.00 |
| 50 Shares of Louisville Gas and Electric no par stock Class "A" | $2,157.50 |
| 20 Shares Winchester Building and Savings Ass.— | $2,000.00 |
| 5 Bonds E. M. Glass. 1st Mort. | $6,005.83 |
| 8 U. S. Bonds due 1950 | $8,000.00 |
| 5 Dan H. Lovell Inc. 5% Bonds | $5,000.00 |
| 5 Stratton & Terstegge Co. 1st Mort. 4¾% Bonds | $5,007.90 |
| Cash Security Trust Co. Deposit at Lexington | |
| Cash Commercial Deposit Bank At Both Banks together | $1,493.75 |

This is what I have invested Feb. 17, 1944."

The proceedings prior to the entry of the order which is the subject of this appeal are rather prolix. After the death of his wife, J. Smith Hays, Sr., filed his unverified application for appointment as administrator, and objections were filed by the heirs. Subsequently, a verified amended application was filed, seeking the appointment of J. Smith Hays, Sr., and J. Smith Hays, Jr., as coadministrators. Objection to the amended application was filed and before the application and objections were acted upon, the nephews and nieces filed a petition for the probate of the holographic will. The petition was consolidated with the other proceedings, and the county court refused to probate the will, overruled the objections to the amended application, and appointed J. Smith Hays, Sr., and J. Smith Hays, Jr., as coadministrators. Upon appeal to the circuit court, the county court was reversed and ordered to probate the will and set aside its order appointing the administrators.

Upon return of the proceedings to the county court, J. Smith Hays, Sr., and J. Smith Hays, Jr., filed their unverified application for appointment as codaministrators with the will annexed. Objections were filed by the devisees and heirs, and a second application for appointment as administrator with the will annexed was filed by deceased's brother, J. Mack Coy.

Upon consolidated hearings, the county court probated the will and appointed J. Smith Hays, Sr., and J. Smith Hays, Jr., as coadministrators with the will annexed. This order was affirmed upon appeal to the circuit court.

On the appeal here, appellants insist that the court erred in the appointment of the administrators with the will annexed because: (1) their application was not verified as required by KRS 395.015; and (2) J. Smith Hays, Sr., was ineligible for appointment under the provisions of KRS 395.050 because his interests are antagonistic to the provisions of the will.

KRS 395.015(1) requires that every person seeking appointment as executor, administrator, curator, or administrator with the will annexed shall make and file in duplicate a written application under oath. In Wall v. Bingham, 296 Ky. 13, 175 S.W. 2d 1010, this Court declined to determine whether or not the requirement for verification was jurisdictional because it was unnecessary in the decision of that case. It was there decided that an appointment of a personal representative based upon an application which did not meet the statutory requirements was erroneous.

Here, we have a different situation. Although there was no verification of the application for appointment as administrator with the will annexed, the amended application for appointment as coadministrators was verified. The statute requires that the application disclose certain information under oath. The same facts are required in an application for appointment as administrator that are required when applying for appointment as administrator with the will annexed. It would have been unnecessary in the consolidated hearings to have required the appellees to verify the last application when the same facts had been previously verified by an application pending before the court in the consolidated hearings. We think the verified application for appointment as coadministrators constituted a sufficient verification to meet the requirements of the statute.

Appellants' second contention possesses more merit. They insist that the interest of the appellee, J. Smith Hays, Sr., is antagonistic to the will and that he is ineligible for appointment for that reason. The controversy between the devisees and husband relates to two items, the first being the item of $3,000, which the list of investments shows as "Invested in this house where it was built," and the second is the item of $8,000, shown by the list to be "8 U. S. Bonds due 1950."

Concerning the first item, it is admitted that about 1930, soon after Mrs. Hays received her inheritance, she gave her husband a check for $3,000 for the purpose of paying an indebtedness which represented a part of the cost of the home owned individually by J. Smith Hays, Sr. The devisees contend that this sum represented a loan, and in support of that fact, two witnesses testify that they heard J. Smith Hays, Sr., say that he had borrowed $3,000 from his wife and had executed his note for that amount. This conversation is denied by Mr. Hays, who admits receipt of the check but insists that it was a gift which was neither given nor received with any thought of repayment.

With reference to the item of $8,000, it is shown that in 1940 eight government bonds in the principal amount of $1,000 each were purchased in the name of "Iva Coy Hays or J. Smith Hays, Sr." These bonds matured in 1950, and their proceeds were placed on deposit in the Security Trust Company, at Lexington, Kentucky, to the account of "Iva Coy Hays or J. Smith Hays, Sr., as joint tenants with right of survivorship." It is shown that the latter account was opened by Mr. Hays, but the signature card was signed by Mrs. Hays after it was taken to her at her house. The devisees contend that this deposit represents assets of the estate, while Mr. Hays contends otherwise.

KRS 395.050(1) provides:

"If no executor is appointed by the will, or if all the executors named in the will die, refuse the executorship or fail to give bond the court may grant administration with the will annexed to the person who would have been entitled to administration if there had

been no will, *but no person shall be eligible to appointment as administrator with the will annexed whose interests are antagonistic to the provisions of the will.* Failure to give bond shall amount to refusal to act as executor." (Italics ours.)

The italicized portion of the statute was added by an amendment adopted in 1924. Prior to the amendment, there was no disqualification, so far as the right to appointment was concerned, of one whose interests were antagonistic to the will, although after the appointment the antagonistic interest may have been such as to render the person appointed incapable of discharging the trust and subject to removal under the provisions of KRS 395.-160. In discussing the disqualifying interest which will constitute ineligibility under the statute, this Court said in Gresham v. Stacy, 287 Ky. 114; 152 S.W. 2d 290, 291:

"The object of Section 3891, Kentucky Statutes, was to prevent the appointment of a personal representative, who, as such, would be able or tempted to further his individual interests to the detriment of the rights of others. Before the disqualification can attach, one must possess or pretend to possess some claim to some portion of the estate to be administered, which, if allowed or asserted, would diminish the shares of the beneficiaries, or at least subject them to delay, expense, or annoyance."

Analogous to the antagonistic interest as provided by KRS 395.050, is incapacity to perform the trust on account of some interest adverse to the estate as contemplated by KRS 395.160. In construing the latter section, this Court in Price's Adm'r v. Price, 291 Ky. 211, 163 S.W.2d 463, 465, said:

"A personal representative is supposed to represent the estate of his decedent. If he assumes an adverse or antagonistic position towards the trust fund by himself claiming to own a part of it—or what it is contended is a part of it—thereby diminishing its supposed corpus, to the detriment of others

having an interest therein, the opinions, supra, declare that he thereby becomes incapable of discharging the trust, and because of which he may be removed upon the proof of such facts."

To the same general effect are Liberty Bank & Trust Co. v. Kentucky Title Trust Co., 239 Ky. 263, 39 S.W.2d 258, and Warden v. Hoover's Adm'r, 214 Ky. 370, 283 S.W. 444.

■ Appellees insist that there is no merit in the claim of the devisees to the sums which we have mentioned. In this proceeding, we have no right to determine the merits of the opposing claims. The statute does not require that the antagonistic interest or claim be unfounded or without merit before the disqualification will become effective. We have no right at this time to assume that the claim of J. Smith Hays, Sr., is either unfounded or asserted in bad faith. Neither can we brush aside as baseless the claim of the devisees on the record before us. We think the interests of J. Smith Hays, Sr., are antagonistic to the will and that he was ineligible for appointment under the provisions of KRS 395.050(1). The disqualification of the husband necessarily removes J. Smith Hays, Jr., since the court in making appointment of the administrator with the will annexed must conform to KRS 395.040 prescribing preference in the order of appointment.

Appellees rely upon the authority of Trevathan v. Grogan, 210 Ky. 694, 276 S.W. 556. The opinion there merely held that the bare assertion of bad faith on the part of the executors named by the will was insufficient to justify their removal. We think we are bound by the rule announced in the later cases herein cited.

Appellants complain of the fact that the circuit court, in remanding the first appeal to the Clark County Court with directions to probate the will and remove the administrators, assessed the cost of the first appeal against the devisees. We are asked to direct the circuit court to assess the costs of that appeal against appellees.

We observe that the statement of appeal limits the judgment from which this ap-

peal is prosecuted to the judgment refusing to direct the removal of the administrators with the will annexed. The question of costs on the first appeal is, therefore, not properly before us.

For the reasons indicated, the judgment is reversed with direction to enter a judgment setting aside the appointment of appellees as coadministrators with the will annexed.