Mrs. Florence May EWALD et al., Appellants,

v.

CITIZENS FIDELITY BANK & TRUST COMPANY, Executor of Estate of Sterling Donald Ewald, Deceased, Appellee.

Court of Appeals of Kentucky.

June 14, 1957.

Rehearing Denied Oct. 25, 1957.

Edward A. Dodd, Raymond C. Stephenson, Louisville, for appellants.

Nelson Helm, Bullitt, Dawson & Tarrant, Thomas W. Bullitt, Louisville, for appellee.

CULLEN, Commissioner.

The Citizens Fidelity Bank and Trust Company, of Louisville, was named as executor in the will of Sterling D. Ewald, who died July 31, 1955. His widow and son protested the qualification of the bank as executor, in the county court of Jefferson County. The county court permitted the bank to qualify, and on appeal to the circuit court the ruling was affirmed. The widow and son have appealed from the circuit court judgment.

The ground of objection to the qualification of the bank arises out of the claim that in 1948 and 1949, when the bank was serving in the capacity of trustee of the estate of Sterling D. Ewald, under an inter vivos trust instrument executed by him, and in the capacity of committee for his estate (he having become mentally incompetent after the execution of the trust instrument and the will), the bank failed to keep Mrs. Ewald properly advised of its actions in connection with the filing of Federal income tax returns, with the result that the benefit of filing joint returns for Sterling and his wife was lost and the estate was required to pay some additional $12,000 in tax which could have been saved if joint returns had been filed.

Early in 1955, before Sterling's death, the bank filed a periodic settlement statement with the county court, claiming credit for the income tax payments. Summonses in the settlement proceeding were served on Mrs. Ewald and the son, and a warning order attorney was named for Sterling, who at that time was confined in a sanatorium in Maryland. Mrs. Ewald and the son, and the warning order attorney, filed objections to the settlement, particularly with respect to the allowance of the income tax payments. The settlement action is now pending in the county court, its progress having been interrupted by the death of Sterling and by the controversy over qualification of the bank as executor.

It is the position of Mrs. Ewald and the son that, since a controversy exists over the question of whether the bank, as inter vivos trustee and committee, is entitled to credit for the income tax payments, and since it will be the duty of the executor to protect the estate against the allowance of credit for the tax payments, whereas it is to the personal interest of the bank to receive credit, the bank is disqualified to serve as executor. It is further maintained that the mere existence of the controversy disqualifies the bank, and that the merits of the controversy are not to be considered.

It is true that this Court said, in Cosby v. Hays, Ky., 257 S.W.2d 575, that where an executor asserts an antagonistic claim against the estate, the "merit" of the claim is not subject to determination in a proceeding to remove the executor. However, this does not mean that the *nature* of the claim is not important. As we understand the law, disqualification of an executor by reason of an adverse claim against the estate arises only where the nature of

the claim itself is such as to establish that the executor is "incapable to discharge the trust" (KRS 395.160) with fairness and impartiality.

The appellants rely upon such cases as Hunt v. Crocker, 246 Ky. 338, 55 S.W.2d 20; Price's Adm'r v. Price, 291 Ky. 211, 163 S.W.2d 463; Karsner's Ex'r v. Monterey Christian Church, 304 Ky. 269, 200 S.W.2d 474; Carpenter v. Planck, 304 Ky. 644, 201 S.W.2d 908; and Cosby v. Hays, Ky., 257 S.W.2d 575. In each of these cases the personal representative was asserting an adverse *personal* claim against the estate. The controlling considerations are evidenced by the following quotations from those cases:

"* * * both the allegations of his pleading and his testimony disclose an adverse, incompatible, and hostile interest in himself to that of the estate, such as to show that he was incapable of discharging disinterestedly, fairly, and impartially the trust. * * *" Hunt v. Crocker, 246 Ky. 338, 55 S.W.2d 20, 21.

"* * * If he assumes an adverse or antagonistic position towards the trust fund by himself claiming to own a part of it * * * he thereby becomes incapable of discharging the trust, * * *". Price's Adm'r v. Price, 291 Ky. 211, 163 S.W.2d 463, 465.

"* * * If a personal representative cannot in good faith and conscience perform his trust in a fair and unbiased manner, he ought to resign voluntarily. If he does not, then he should be removed by the court, under the provisions of KRS 395.160, because he is 'incapable to discharge the trust.' * * *" Karsner's Ex'r v. Monterey Christian Church, 304 Ky. 269, 200 S.W.2d 474, 475.

" 'The object * * * was to prevent the appointment of a personal representative, who, as such, would be able or tempted to further his individual interests to the detriment of the rights of others. Before the disqualification can attach, one must possess or pretend to possess some claim to some portion of the estate to be administered, which, if allowed or asserted, would diminish the shares of the beneficiaries, or at least subject them to delay, expense, or annoyance.' " (Quoting from Gresham v. Stacy, 287 Ky. 114, 152 S.W.2d 290) Cosby v. Hays, Ky., 257 S.W.2d 575, 578.

In the case before us, there is nothing in the nature of the income tax controversy to suggest that the bank was taking an attitude hostile or antagonistic to the interests of the estate, such as to show that the bank would not administer the estate fairly, impartially and honestly. At the most, the claim asserted by the widow and son is that the bank made an error of judgment, or failed to keep in proper communication with Mrs. Ewald. Under no view of the case is anything involved more than a simple mistake in administration.

If the appellants' argument should be carried to its logical conclusion, the mere fact that the bank was trustee and committee for Sterling during his lifetime would itself disqualify the bank from serving as executor, because it would be the duty of the executor to question the settlement of the trustee and committee. Also, the mere filing of an objection to any item in the settlement of a personal representative would automatically disqualify him. This is not the law.

It is our opinion that the appellants have failed to show that the bank has taken such a hostile and antagonistic position as to render the bank "incapable to discharge the trust." KRS 395.160.

Even should the bank, as executor, not take a vigorous position on behalf of the estate, against the allowance of credit for the income tax payments, the widow and son will suffer no real disadvantage, because it has been agreed by the bank that

the widow and son may continue to prosecute, individually, their objections to the settlement in the county court, initiated before Sterling's death.

The judgment is affirmed.