## Baker's Heirs v. Dixon Bank & Trust Co.

Jan. 19, 1943.

Waddill, Laffoon & Waddill and Charles G. Franklin for appellants.

Withers & Lisman for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

When the Dixon Bank & Trust Company made its final report as trustee of the estate of F. M. Baker, in 1936, it paid itself a 5 per cent commission amounting

to $2,015.77 on the total personal estate of $42,315.47; $24,059.56 of which was turned over to the succeeding trustee, and the remainder distributed to various persons. The Bank also deducted $200 for the supervision of real estate. During the Bank's period of trusteeship, which began in 1919, it deducted 5 per cent for all disbursements and also made an annual charge for making loans and supervising the real estate. The Baker heirs filed exceptions to the final settlement on the ground that the Bank was not entitled to a commission on the amount turned over to its successor. No other commissions or deductions were questioned. These exceptions were overruled and the heirs are now asking this Court to reverse the judgment of the circuit court to that effect.

Since the action of the trustee under attack herein took place in 1936, we must look to the then applicable statute as to fees chargeable by a trustee, KS section 3883 (KRS 395.150) instead of KRS 386.180, which was enacted in 1938. KRS 395.150 provides that the compensation of a personal representative shall not exceed 5 per cent, except under certain stated circumstances. It was held in Central Trust Co. v. Johnson, 74 S. W. 663, 25 Ky. Law Rep. 55, that this also applies to a trustee. A trustee is entitled to a commission of not exceeding 5 per cent for all money received and distributed by him, but not on all money received. Clay v. Howard's Ex'r, 247 Ky. 512, 57 S. W. (2d) 484, 88 A. L. R. 186. It was expressly held in Douglas' Adm'r v. Douglas' Ex'r, 243 Ky. 321, 48 S. W. (2d) 11, that an executor was not entitled to a full commission on the funds turned over to his successor, but only to a reasonable commission for collecting and preserving those funds. It was said also in that case that the successor would be entitled to a reasonable compensation for distributing the funds turned over to him, and that the combined commissions should not exceed 5 per cent. The appellants take the position that the Bank is entitled to "a nominal sum" for collecting and preserving the amount turned over to its successor. In this we concur, but it is our view, because of the previous commissions and fees deducted by the Bank, that the allowance should in no event exceed 1 per cent.

Counsel for the appellee have sought diligently to justify its action in deducting the 5 per cent commission

on the $24,059.56. Reference is made to the size and character of the Baker estate and the successful manner in which it was handled, the inference being that the Bank performed extra and unusual services in handling the estate. Probably it did, but the record shows that it deducted the full 5 per cent commission on all amounts disbursed, and, in addition, deducted fees for making loans and supervising the real estate. Even the final settlement makes no claim for ''unusual and extraordinary'' services, though there was a $200 deduction for supervising real estate.

As the record stands, we think the appellants were entitled to the relief sought, and the judgment is therefore reversed with directions that it be set aside, and for the entry of a judgment in conformity with this opinion.