Evelyn Rees **CURTIS**, Guardian, etc.,
Appellant and Cross-Appellee,

v.

**CITIZENS BANK & TRUST COMPANY**,
Appellee and Cross-Appellant,

and

Clem F. **Kelly**, Appellee.

Court of Appeals of Kentucky.

Nov. 25, 1964.

Ephraim K. Lawrence, Jr., Lawrence & Duvall, Louisville, for appellant and cross-appellee.

Clem F. Kelly, Lexington, for appellees and cross-appellant.

WADDILL, Commissioner.

Appellant and cross-appellee Evelyn Rees Curtis, as guardian of her four children, appeals from those portions of a judgment of the Fayette Circuit Court that award appellee and cross-appellant, Citizens Bank and Trust Company, a fee of $9,674.15 for its services as trustee and award appellee, Clem F. Kelly, certain fees for legal

services. The bank appeals from the denial to it of a fee for extraordinary services.

The events giving rise to this action may be traced to the will of Frank K. Rees. The bank acted as executor of his estate and as testamentary trustee for his children. However, the trust established by his will was declared invalid by this Court in Curtis v. Citizens Bank and Trust Co., Ky., 318 S.W.2d 33. Upon remand of this case the circuit court ordered that the residue of the trust be turned over to the children's guardian after payment, among other things, of all proper costs and expenses of administration.

■ Relying on Anspacher v. Utterback's Adm'r., 252 Ky. 666, 68 S.W.2d 15, the guardian contends that the bank has waived its claim to any fee as trustee by its misconduct. In the cited case we held an executor, by his delay and laches in administering and distributing an estate, had forfeited his right to a commission. In the instant case there was some delay in making a distribution but in refusing to issue an order of mandamus to the circuit court requiring immediate distribution, we observed "the responses filed herein show bona fide reasons why it may not be advisable or convenient for the court to enforce a piecemeal settlement of the estate * * *." Curtis v. Bradley, Ky., 333 S.W.2d 944. In view of the circumstances presented we conclude the bank did not forfeit its right to collect a fee for its services as trustee.

The appellant next contends that even if a fee is authorized an amount equal to 5% of the value of the proceeds to be distributed is grossly excessive. The applicable portion of KRS 386.180(1) provides:

"* * * They shall also receive an annual commission of one fifth of one percent of the fair value of the real and personal estate in the care of the fiduciary, or, at the option of the fiduciary and in lieu of the annual commission on principal, a commission which shall not exceed five percent of the fair value of the principal distributed, payable at the time the principal is distributed."

■■ The bank elected to take the lump sum compensation. It is apparent that the officers testifying for the bank, as well as the circuit court, assumed that having thus elected the bank was entitled to the full 5% of the value of the principal to be distributed. However, for this method of compensation the statute only establishes a maximum of 5%. Thus the amount awarded must be a reasonable fee under the facts of each particular case. See Baker's Heirs v. Dixon Bank & Trust Co., 292 Ky. 701, 168 S.W.2d 24. In the instant case we observe that the bank served as trustee about one year before we held the trust to be invalid. In its itemization of estimated costs, the bank, as trustee, valued its services applicable to the principal at $5,352.04. Under the record we conclude that this sum is a reasonable commission and that the circuit court erred in granting a sum in excess thereof.

■ The guardian next contends that Mr. Kelly is not entitled to certain fees allowed him for his legal services in representing the bank. We are cited to no evidence to indicate that these fees were other than reasonable compensation for services required by the bank in the performance of its fiduciary obligations in respect to this property.

■ On its cross-appeal the bank alleges that the circuit court erred in denying it an award for performing duties in the administration of the Rees' estate which it denominates as "extraordinary." Both KRS 386.180 and 395.150 provide that upon proof of the rendering of unusual or extraordinary services not normally incident to the care and management of an estate, the court may allow additional compensation. In refusing to award a fee for such services, the court necessarily found that the bank's services were not of an extraordi-

nary character. We find no reason to disturb this finding.

The judgment is reversed insofar as it awards the bank $9,674.15 for its services as trustee with directions to enter a new one awarding it the sum of $5,352.04; in all other respects the judgment is affirmed on appeal and on cross-appeal.